70 F.3d 553
 95 Cal. Daily Op. Serv. 8774, 95 Daily Journal
D.A.R. 15,237
UNITED STATES of America, Plaintiff-Appellee,
v.
Allan Bowlun ING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard St. CLAIR, Defendant-Appellant.
 Nos. 94-10097, 94-10149.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 14, 1995.*
Argued and Submitted March 14, 1995.
Submission Vacated June 5, 1995.
Resubmitted Aug. 22, 1995.
Decided Nov. 17, 1995.
 
 Philip H. Pennypacker, Siner, Steinbock, Hofmann & Pennypacker, San Jose, California, for defendant-appellant Allan Bowlun Ing.
 James W. Ramsaur, Chapuis & Ramsaur, Oakland, California, for defendant-appellant Richard St. Clair.
 Jeffrey Nedrow, Assistant United States Attorney, San Jose, California, for the plaintiff-appellee.
 Appeals from the United States District Court for the Northern District of California.
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 REINHARDT, Circuit Judge:
 
 
 1
 Allan Bowlun Ing and Richard St. Clair were convicted of conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine. Ing challenges his sentence on the ground that the district judge erred in denying him a downward adjustment for acceptance of responsibility. St. Clair challenges his sentence on the ground that the district court failed to make findings regarding his entitlement to downward adjustments for both acceptance of responsibility and his role in the offense.[1] We remand for reconsideration of whether Ing and St. Clair are entitled to the adjustments they request.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 In late 1992, confidential informant Wade Allen engaged in conversations with Ing, who expressed an interest in purchasing one kilogram of cocaine. Allen and Ing arranged to meet at the real estate office where Ing worked and agreed to a price of $17,000 for one kilogram. On the scheduled date, Allen introduced Ing to an undercover DEA agent posing as a cocaine supplier. St. Clair picked Ing up outside his office and, shortly thereafter, the two men returned. Ing emerged from St. Clair's car with a suitcase containing $17,000 and showed the agent the money. At that point, both defendants were arrested.
 
 
 3
 Testifying at trial, Ing acknowledged his involvement in the aborted cocaine purchase and his intent to engage in a drug purchase. His only defense was entrapment. The jury rejected Ing's defense and convicted him on both counts. The jury also convicted St. Clair, who did not testify at trial, on both counts.
 
 
 4
 Based on the one kilogram that Ing agreed to purchase, the district court determined that the base offense level for both defendants, under U.S.S.G. Sec. 2D1.1, was 26. Without discussing St. Clair's requests for adjustments for acceptance of responsibility or role in the offense, the district court sentenced St. Clair to 63 months, the minimum under the applicable Guidelines range. The district court then expressly denied Ing's request for an acceptance of responsibility adjustment and sentenced him to 78 months, also the minimum under the applicable range.
 
 II. ING
 
 5
 Ing challenges his sentence on the ground that the district court erred in denying his request for a downward adjustment in offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. Because the district court erroneously based its denial on Ing's assertion of an entrapment defense, we remand for reconsideration of his request.
 
 
 6
 Section 3E1.1 of the Sentencing Guidelines, entitled "Acceptance of Responsibility," provides, in pertinent part: "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. Sec. 3E1.1(a). Defendants who timely provide complete information regarding their involvement are entitled to an additional one-level decrease. U.S.S.G. Sec. 3E1.1(b). The application notes accompanying Section 3E1.1 point out that "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. Sec. 3E1.1 (n. 5). For this reason, the sentencing judge's factual findings are reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 7
 Ing does not contend that the factual findings underlying the district court's decision were incorrect; rather, he claims that the court applied an incorrect legal principle in denying his request for an adjustment. At trial, Ing acknowledged his involvement in the conspiracy. Although he raised an entrapment defense, Ing admitted his intent to purchase cocaine. At sentencing, Ing stated: "at this time I'd like to say I'm very sorry and have deep regrets for my actions of the past. I'm ready to take full responsibility. However, I have lots of regrets, and I'm really sorry about the situation of Richard St. Clair."
 
 
 8
 There is no dispute that Ing acknowledged his involvement in the conspiracy and expressed contrition at his sentencing hearing. The district judge nevertheless adopted the presentence report's conclusion that Ing did not qualify for an acceptance of responsibility adjustment:
 
 
 9
 I do find under the circumstances here that Mr. Ing really doesn't qualify for acceptance of responsibility. I think he has done extremely well, it appears, in his pretrial situation, and I think there is a lot of hope for Mr. Ing. And frankly, I'm troubled that he's here, but I think for my understanding of the acceptance of responsibility and my view of the facts that were present at trial and otherwise the presentence report correctly did determine that he was not entitled to the two-point reduction.
 
 The presentence report, in turn, stated:
 
 10
 Although the defendant admits his participation in the offense, he denies his criminal intent. He contends that he was persuaded to participate in this offense by the confidential informant, and presents the argument of entrapment. However, because the defendant has failed to manifest a complete acceptance of responsibility, he is not entitled to a reduction under this section, therefore no reduction is given.
 
 
 11
 We believe that the district court erroneously based the denial of an adjustment for acceptance of responsibility on Ing's decision to assert an entrapment defense. The assertion of an entrapment defense is not necessarily incompatible with acceptance of responsibility. United States v. Molina, 934 F.2d 1440, 1451 (9th Cir.1991). As the Molina court noted, the defense of entrapment by its very nature entails an admission regarding the defendant's participation in criminal activity. Id. at 1450. Where the defendant presents such a defense, the sentencing judge must look at all the evidence bearing on the defendant's contrition. Id. at 1451. The fact that the defendant asserted an entrapment defense is not enough to warrant denial of an adjustment for acceptance of responsibility.
 
 
 12
 Of course, a defendant whose only defense is entrapment is not automatically entitled to an acceptance of responsibility adjustment. In Molina, we affirmed the district court's decision to deny the defendant's request for this adjustment, because the defendant's testimony conflicted with that of government agents "on almost every key incident." Id. at 1450. Similarly, in United States v. Marquardt, 949 F.2d 283, 285 (9th Cir.1991), we affirmed the denial of an acceptance of responsibility adjustment where the defendant denied his intent to violate the law. See also United States v. Burrows, 36 F.3d 875, 883 (9th Cir.1994) (defendant not entitled to adjustment where he maintained that he lacked mens rea during and after trial); United States v. Davis, 36 F.3d 1424, 1435-36 (9th Cir.1994) (defendant not entitled to adjustment where there was no affirmative evidence of contrition on the record), cert. denied, --- U.S. ----, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995).
 
 
 13
 Here, by contrast, the only apparent basis for the district judge's decision to deny the requested adjustment was Ing's assertion of an entrapment defense. Ing admitted his conduct and his intent throughout.[2] At sentencing, he plainly acknowledged that what he did was wrong and expressed remorse for his actions. In contrast to Molina and our other cases upholding the denial of this reduction, the government has identified nothing--apart from Ing's assertion of an entrapment defense--that shows a failure to accept responsibility. Accordingly, we hold that the decision to deny Ing's request for an acceptance of responsibility adjustment was erroneous. We remand for reconsideration of that request.[3]
 
 III. St. CLAIR
 
 14
 St. Clair contends that the district court erred in failing to make a finding as to whether he was entitled to downward adjustments for his role in the offense under U.S.S.G. Sec. 3B1.2 and acceptance of responsibility under U.S.S.G. Sec. 3E1.1. Because we cannot determine from the record whether the district court considered St. Clair's objections to the presentence report's recommendations, we remand for the district court to make specific findings on his entitlement to both adjustments.
 
 
 15
 The author of the presentence report concluded that St. Clair was not entitled to either adjustment. The report recommended that no adjustment for acceptance of responsibility be given because St. Clair had failed to admit his wrongdoing. It gave no reasons at all for its recommendation that St. Clair be denied an adjustment for minor or minimal participation. In response to the presentence report, St. Clair filed with the district court a memorandum objecting to the recommendations. St. Clair also raised the issue during his sentencing hearing. The district court, however, did not make an express finding as to either adjustment and there is nothing in the record to suggest that it considered St. Clair's objections. Instead, toward the conclusion of the sentencing hearing, the district court simply stated that "the presentence report does properly calculate the offense level." That is insufficient.
 
 
 16
 We have stated that "the district court should make clear on the record its resolution of all disputed matters, and ... specific findings of fact are to be encouraged." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). In Rigby, we concluded that the district court had made sufficient findings where it expressly relied on an addendum to the presentence report that responded to the defendant's objections. Id.; see also United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989) (upholding denial of adjustment for role in the offense, where district court expressly found that defendants' involvement was "more than minimal" and relied on specific findings in the presentence report and addendum). Here, by contrast, the record contains no response from the district court to St. Clair's objections regarding the requested adjustments. We therefore cannot tell whether the district court even considered St. Clair's arguments. See United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990) (remanding where district court failed to make a clear finding as to whether defendant was entitled to adjustment for acceptance of responsibility).
 
 
 17
 Accordingly, we remand with instructions that the district court consider whether St. Clair is entitled to an adjustment for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 and for minor or minimal participation under U.S.S.G. Sec. 3B1.2. The district court shall make findings as to whether St. Clair is entitled to these adjustments.
 
 IV. CONCLUSION
 
 18
 For the reasons stated above, we remand for reconsideration of whether Ing is entitled to a downward adjustment for acceptance of responsibility. If the district court concludes that he is entitled to this adjustment, then he shall be resentenced accordingly. We also remand to permit the district court to consider whether St. Clair is entitled to an adjustment for acceptance of responsibility and for his role in the offense. If it concludes that St. Clair is entitled to one or both of these adjustments, then he shall be resentenced accordingly.
 
 
 19
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suited for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [1]
 Ing and St. Clair also challenge their convictions. For the reasons set forth in a memorandum disposition filed concurrently, we affirm both defendants' convictions. In that memorandum disposition, we also affirm the denial of St. Clair's motion for a new trial and reject St. Clair's other challenges to his sentence
 
 
 [2]
 The presentence report stated that Ing "denies his criminal intent," explaining that he raised an entrapment defense at trial. We do not take this statement to mean that Ing denied his participation in or his intent to engage in a drug transaction. If this were what the presentence report meant, the report would clearly be in error. At trial, Ing unequivocally acknowledged his intent to purchase cocaine:
 Q Your intent there was to do a drug deal?
 A That is correct.
 Q And the reason you were there, to do a drug deal?
 A Yes.
 
 
 [3]
 We express no view as to whether Ing would be entitled to a two-level or a three-level downward adjustment, if he qualifies under U.S.S.G. Sec. 3E1.1. Entitlement to the third level largely involves the question of the timeliness of the defendant's acceptance of responsibility. U.S.S.G. Sec. 3E1.1(b)