United States Court of Appeals,

Eleventh Circuit.

No. 95-9344.

Eric JOINER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Jan. 22, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (Nos. 1:90-CR-209-1, 1:94-CV-1735-JTC), Jack T. Camp, Judge.

Before COX and BLACK, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Eric Joiner appeals the district court's denial of his 28 U.S.C. § 2255 petition for habeas relief. In the petition, he alleges that he was denied effective assistance of appellate counsel. We affirm.

## I. BACKGROUND

Joiner was charged with one count of conspiracy to distribute cocaine base and five counts of distribution of cocaine base. He pleaded not guilty to all counts and asserted an entrapment defense at trial. The jury found him guilty of conspiracy and of three of the distribution counts.

At sentencing, Joiner objected to the quantity of drugs used to calculate his base offense level, arguing that the quantity should be reduced since the amount of drugs he distributed was determined by government agents who monitored his drug transactions ("sentencing entrapment"). He also objected to the Presentence Investigation Report's failure to recommend an adjustment for

acceptance of responsibility under U.S.S.G. § 3E1.1.  The district court rejected these objections and sentenced Joiner to 152 months' imprisonment on each count of conviction, to be served concurrently and to be followed by five years' supervised release.

After reviewing only the trial transcript and not the sentencing transcript, Joiner's attorney filed an appellate brief that raised only one claim:  that the district court erred in not granting Joiner an acquittal on the conspiracy count because his co-defendant was acquitted.  We rejected that claim and affirmed.

Later, Joiner filed the § 2255 petition involved in this appeal.  In the petition, he requests that his sentence be vacated, arguing, among other things, that he was denied effective assistance of counsel on direct appeal.  A magistrate judge held an evidentiary hearing and concluded that although Joiner's appellate attorney rendered deficient performance, his deficient performance did not prejudice Joiner.  Based on that conclusion, the magistrate judge recommended that the district court deny relief.  The district court adopted the recommendation, and Joiner appeals.

## II. DISCUSSION

We review an ineffective assistance of appellate counsel claim de novo.  *Duest v. Singletary,* 967 F.2d 472, 476, 477 n. 4 (11th Cir.1992).

To establish that his appellate counsel was ineffective, Joiner must establish that his appellate counsel performed deficiently and that the deficient performance resulted in prejudice.  *Id.* Although Joiner has established that his appellate counsel performed deficiently, we agree with the district court

that Joiner has not established that the deficient performance resulted in prejudice.

To determine prejudice, we must review the merits of an omitted claim. If we find that the omitted claim would have had a reasonable probability of success on appeal, then counsel's performance necessarily resulted in prejudice. *Heath v. Jones,* 941 F.2d 1126, 1132 (11th Cir.1991). Joiner argues that his counsel's omission of two particular claims resulted in prejudice: that the district court erred in not reducing Joiner's base level because of sentence entrapment; and, that the district court erred in denying him an adjustment for acceptance of responsibility.

Joiner would not have had a reasonable probability of success on appeal had his appellate counsel raised the sentencing entrapment claim. We have repeatedly rejected such claims in other cases. *See, e.g. United States v. Miller,* 71 F.3d 813, 818 (11th Cir.1996); *United States v. Williams,* 954 F.2d 668, 673 (11th Cir.1992).

Reviewing the merits of the wrongful denial of adjustment for acceptance of responsibility claim, we preliminarily note that Joiner would not have been barred as a matter of law from receiving an adjustment merely because he asserted an entrapment defense at trial, even though some courts have viewed the assertion of an entrapment defense as the virtual antithesis of acceptance of responsibility. *See e.g., United States v. Demes,* 941 F.2d 220, 222 (3d Cir.1991). Rather, as with cases involving any other defense, whether a defendant has accepted responsibility is a fact-based question which requires the district court to carefully

review all of the evidence bearing on a particular defendant's contrition. *See United States v. Newson,* 46 F.3d 730, 734 (8th Cir.1995) (whether a defendant has demonstrated acceptance of responsibility is a fact based question and assertion of an entrapment defense does not automatically bar a defendant from receiving an acceptance of responsibility reduction); *United States v. Ing,* 70 F.3d 553, 555 (9th Cir.1995) ("The assertion of an entrapment defense is not necessarily incompatible with acceptance of responsibility.").

Nonetheless, Joiner would not have had a reasonable probability of success on the wrongful denial claim. When reviewing the merits of such a claim, we use the highly deferential clearly erroneous standard, *see United States v. Gonzalez,* 70 F.3d 1236, 1239 (11th Cir.1995), and a defendant who, like Joiner, forces the government to trial is rarely entitled to an adjustment for responsibility. *See id.;* U.S.S.G. § 3E1.1 comment. (note 2). Joiner asserts no facts which would have supported a conclusion that the district court clearly erred in finding that Joiner did not accept responsibility.

AFFIRMED.