114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard ST. CLAIR, Defendant-Appellant.
 No. 96-10147.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Richard St. Clair appeals his resentencing following this court's remand in United States v. Ing, 70 F.3d 553, 557 (1995). He contends on appeal that the district court failed to make express and specific findings as to his eligibility for an adjustment for acceptance of responsibility. This contention is wholly without merit. The portion of the district court's order on remand entitled "Acceptance of Responsibility" contains the following findings:
 
 
 3
 St. Clair pleaded not guilty. He did not testify at trial. He declined to discuss his involvement in the offense with the probation officer on advice of counsel. "However, he has expressed remorse for his involvement with the co-defendant despite asserting his innocence." (Presentence Report, pg. 5). At his original sentencing hearing, St. Clair maintained his innocence and denied any involvement with the charged offense. He still asserts his innocence. Under these circumstances, the court finds that St. Clair is not entitled to an adjustment for acceptance of responsibility.
 
 
 4
 ER at 173. Thus, the district court acknowledged the basis for St. Clair's initial objection to the pre-sentence report--the fact that he had expressed remorse, notwithstanding his denial of guilt--and proceeded to deny an adjustment based on express and specific findings that St. Clair had not actually accepted responsibility. The district court also made similar findings orally at the resentencing hearing. ER at 160. St. Clair, in turn, did not even argue at resentencing that he was entitled to an adjustment based on acceptance of responsibility. Instead, he emphasized that he had never accepted responsibility for the offense: "Defendant has consistently denied his guilt in this matter." ER at 110. We hold that the district court's findings were more than sufficient to satisfy the requirements of Federal Rule of Criminal Procedure 32(c).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3