116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dario Antonio VALENCIA, Defendant-Appellant.
 No. 95-50316.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 23, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-94-OC-076-GLT; Gary L. Taylor, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dario Antonio Valencia appeals his sentence following the entry of his guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Valencia contends that the district court erred by denying him a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. He also contends that the government breached the plea agreement by not recommending that his sentence be reduced. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 1. Acceptance of Responsibility
 
 3
 Valencia argues that the district court erred by denying the acceptance of responsibility reduction because it impermissibly considered his denial of any criminal involvement beyond the charged offense. His argument is without merit.
 
 
 4
 We review the sentencing judge's determination that a defendant has not accepted responsibility for clear error. See United States v. Ing, 70 F.3d 553, 555 (9th Cir.1995). The key inquiry for the acceptance of responsibility reduction is whether the defendant has demonstrated sincere contrition. See United States v. Narramore, 36 F.3d 845, 847 (9th Cir.1994). This evaluation depends on several factors, including whether the defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct ..." U.S.S.G. § 3E1.1, comment. (n.1 (a)) (1994). Relevant conduct includes conduct which is part of a common plan or scheme, regardless of whether it resulted in a conviction. See United States v. Fine, 975 F.2d 596, 600 (9th Cir.1992) (en banc). While a defendant is entitled to remain silent about any uncharged conduct, if he relinquishes that right, his lack of veracity may be considered in deciding whether he has qualified for the reduction. See United States v. Rutledge, 28 F.3d 998, 1002 (9th Cir.1994).
 
 
 5
 The district court did not clearly err by denying the reduction. In a statement to officers following his arrest, Valencia admitted, inter alia, to making two separate cocaine deliveries. In Valencia's sentencing memorandum, however, he denied any involvement in the conspiracy beyond the single delivery to which he had already pleaded guilty. Valencia argued in the memorandum that none of the other 230 kilograms of cocaine seized by authorities was "connected to [him] for the purposes of a 'relevant conduct' review." He repeated this argument at his sentencing hearing.
 
 
 6
 Valencia contradicted his earlier admissions contained in his post-arrest statement in his sentencing memorandum and at sentencing. Because he falsely denied the true extent of his involvement in the underlying conspiracy, the district court did not clearly err by declining to grant the acceptance of responsibility reduction. See id.
 
 2. The Plea Agreement
 
 7
 Valencia argues that the government breached the plea agreement by not recommending that his sentence be reduced. He contends that the language of the plea agreement required that he accept responsibility for the offense of conviction only, which he claims to have done. This argument is also without merit.
 
 
 8
 We review de novo whether the government violated the terms of the plea agreement. See United States v. Myers, 32 F.3d 411, 413 (9th Cir.1994). The plea agreement obligated the government to recommend a reduction in Valencia's sentence "... pursuant to section 3E1.1 of the guidelines, if [Valencia] demonstrate[d] an acceptance of responsibility for this offense by virtue of [his] conduct up to and including the time of sentencing." Valencia's interpretation of the plea agreement is contrary to the plain meaning of section 3E1.1. Under section 3E1.1, the defendant's acceptance of responsibility for the offense of conviction ("this offense") turns on more than his contrition for just that offense. See U.S.S.G. § 3E1.1, comment. (n. 1(a)) (1994) (including as a factor for consideration the defendant's truthful admissions or false denials of any relevant conduct). The government was entitled to withhold the recommendation because Valencia falsely denied conduct relevant to his conviction. That is, pursuant to section 3E1.1, Valencia failed to demonstrate an acceptance of responsibility for this offense. Therefore, the government did not breach the plea agreement.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Therefore, Valencia's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3