124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Calderon HERNANDEZ, Defendant-Appellant.
 No. 96-50395.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1997.**
Decided Sept. 17, 1997.
 
 Appeal from the United States District Court for the Southern District of California, DC No. CR-96-00156-1-JNK; Judith N. Keep, District Judge, Presiding.
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Juan Calderon Hernandez appeals his sentence following the entry of his guilty plea to being a deported alien in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Calderon contends that the district court erred by denying an additional third level downward adjustment for a timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I.
 BACKGROUND
 
 3
 Calderon was arrested and convicted for the sale of marijuana, an aggravated felony, in 1988. In 1990, he violated the terms of his probation and was sentenced to prison. Calderon was paroled from prison in 1992 and deported to Mexico. One month later, the Los Angeles Police Department (LAPD) arrested Calderon, who had illegally reentered the United States, for his suspected involvement in a transaction for the sale of drugs. Calderon's illegal reentry went unnoticed and he was released two days after the arrest. However, LAPD and Calderon were reacquainted several months later when Calderon presented for sale six rocks of cocaine to an undercover officer. He was convicted for possession for sale of cocaine and sentenced to five years imprisonment.
 
 
 4
 On November 22, 1995, Rudy S. Garcia, a Special Agent of the Immigration and Naturalization Service (INS), interviewed Calderon at the Calipatria State Prison. During the interview, Calderon stated that he entered the United States illegally near San Ysidro, California in October of 1992. In reality, Calderon had reentered the United States sometime prior to his arrest on August 10, 1992. Moreover, Calderon failed to mention that he was originally deported following a felony conviction.
 
 
 5
 A grand jury indicted Calderon for being found in the United States after deportation following a conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Calderon responded with motions, inter alia, to suppress the statements made to Agent Garcia, to compel further discovery, and to suppress the evidence of his prior arrests and convictions. The district court granted Calderon's motions but, on the day of his trial, Calderon pleaded guilty.
 
 
 6
 Calderon's base offense level was eight, which the district court then upwardly adjusted sixteen levels for the aggravated felony. The court deducted two points for the acceptance of responsibility, granted a three-level downward departure for the "totality of the circumstances," and subtracted two levels in the criminal history category. The district court then sentenced Calderon to forty-six months, the bottom of the range for his offense level and criminal history.
 
 II.
 DISCUSSION
 
 7
 Calderon argues that the district court erred by denying the additional sentence reduction because he confessed to the offense during the interview with INS Agent Garcia. We review the district court's determination that a defendant has not accepted responsibility for clear error. See United States v. Ing, 70 F.3d 553, 555 (9th Cir.1995); see also U.S.S.G § 3E1.1., comment. (n.5) (1995) (stating that the determination of the sentencing judge is entitled to great deference on review).
 
 
 8
 The parties and the district court agreed that Calderon was entitled to the general two-level adjustment for acceptance of responsibility. The dispute here is whether the reduction for timely assistance, provided for in U.S.S.G. § 3E1.1(b), required the district court to grant a third-level downward adjustment. U.S.S.G. § 3E1.1(b) states:
 
 
 9
 If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 10
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 11
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by one additional level.
 
 
 12
 (Emphasis added). Calderon asserts that under subsection (b)(1) he is entitled to the additional adjustment. The government contests not the timeliness of Calderon's confession, but its completeness. Subsection (b)(1) requires both. See United States v. Stoops, 25 F.3d 820, 821 (9th Cir.1994).
 
 
 13
 The offense for which Calderon was convicted provides, in relevant part:
 
 
 14
 [an alien] whose deportation was subsequent to a conviction for commission of an aggravated felony ... shall be fined under [Title 18], imprisoned not more than 20 years, or both....
 
 
 15
 8 U.S.C. § 1326(b)(2) (emphasis added). The purpose of the additional downward adjustment is to reward the defendant who timely assists the authorities in the investigation or prosecution of his own misconduct. Calderon failed to disclose to Agent Garcia that he had been deported following his arrest, conviction, and subsequent imprisonment for committing an aggravated felony. He then moved to suppress the same statements which he now claims necessitate a reduction in his sentence. By providing incomplete information and by engaging in a litigation strategy to then suppress the information that he did provide, Calderon failed to fully assist the government's investigation and prosecution in a timely manner. We therefore conclude that the district court did not clearly err in denying the additional acceptance of responsibility reduction.
 
 III.
 CONCLUSION
 
 16
 Calderon's sentence is AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3