**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerard MORIN, Defendant–Appellant.**

No. 02–30109.

D.C. No. CR–01–00113–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Gerard Morin appeals the 46–month sentence imposed after he pleaded guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the district court's denial of a downward adjustment for acceptance of responsibility for clear error, *United States v. Scrivener,* 189 F.3d 944, 947 (9th Cir.1999), and we affirm.

Morin contends that the district court's refusal to apply a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 was error because its decision was based solely on his assertion of an entrapment defense. Where a defendant presents an entrapment defense, "the sentencing judge must look at all the evidence bearing on the defendant's contrition." *United States v. Ing,* 70 F.3d 553, 556 (9th Cir.1995). Here, the record shows that Morin attempted to minimize his own involvement in the offense, denied an intention to commit the offense in the United States, and blamed law enforcement officials. Thus, the district court's conclusion that Morin's conduct was "incompatible" with acceptance of responsibility does not amount to clear error. *See Scrivener,* 189 F.3d at 948 (defendant's attempts to minimize his own involvement and blame his son were inconsistent with acceptance of responsibility); *United States v. Marquardt,* 949 F.2d 283, 285 (9th Cir.1991) (per curiam) (affirming refusal to apply downward adjustment where defendant indicated that he had not intended to violate the law and that the authorities "steered" him toward child pornography).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Morin's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.