[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15774
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00505-JDW-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ESCUDERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 12, 2019)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

A federal jury found Juan Escudero guilty of conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841, 841(b)(1)(A) and (b)(1)(B), and distributing and possessing with intent to distribute 500 grams or more of methamphetamine and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(i), and 18 U.S.C. § 2.  Escudero appeals his convictions and his 240-month, below-guideline range total sentence of imprisonment.  As to his convictions, he argues that the district court erred in denying his motion for judgment of acquittal because the evidence presented at trial was insufficient to overcome his defenses of entrapment and duress.  With respect to his total sentence, he argues that the district court erred in applying a three-level enhancement under U.S.S.G. § 3B1.1(b) based on its finding that he was a manager or supervisor of criminal activity, and, further, that the district court erred in denying him a reduction under U.S.S.G. § 3E1.1, because it incorrectly found that he had failed to accept responsibility for his criminal conduct.  We address each of his contentions in turn.

I.    Escudero's Motion for Judgment of Acquittal

We review *de novo* the denial of a defendant's properly preserved motion for judgment of acquittal.  *United States v. Perez-Tosta*, 36 F.3d 1552, 1556 (11th Cir. 1994).  We will uphold the district court's denial of a motion for judgment of

2

acquittal "if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). "The district court's decision on sufficiency of the evidence is entitled to no deference by this [C]ourt." *United States v. Taylor*, 972 F.2d 1247, 1250 (11th Cir. 1992). However, we must view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the government. *United States v. Hanson*, 262 F.3d 1217, 1236 (11th Cir. 2001).

The test for sufficiency of evidence "is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Mieres-Borges*, 919 F.2d 652, 656-67 (11th Cir. 1990). However, where the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the jury's verdict. *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008).

Moreover, credibility questions are for the jury, and we will assume that the jury answered them all in a manner that supports the jury's verdict. *United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009). A jury is free to choose among alternative, reasonable interpretations of the evidence. *Id.* And testimony will not be considered incredible as a matter of law unless it cannot be believed on its face, such as when a witness testifies to facts that she could not have possibly observed

or events that could not have occurred under the law of nature. *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005).

To establish the defense of duress, a defendant must prove by a preponderance of the evidence that: (1) he faced an immediate threat of imminent harm to himself or others; (2) he had a well-founded belief that the threat would be carried out; and (3) he had no reasonable opportunity to escape or inform the police. *United States v. Alzate*, 47 F.3d 1103, 1004 (11th Cir. 1995).

"An affirmative defense of entrapment requires two elements: (1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant." *United States v. Sistrunk*, 622 F.3d 1328, 1333 (11th Cir. 2010) (internal citation and quotations omitted). As to the first element, the defendant bears the initial burden of production as to government inducement, and if the defendant meets that burden, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *Id.* (citing *Untied States v. Ryan*, 289 F.3d 1339, 1343 (11th Cir. 2002)). To meet this burden, a defendant may produce

> any evidence sufficient to raise a jury issue "that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it . . . Evidence of the government's mere suggestion of a crime or initiation of contact is not enough. Instead government inducement requires an element of persuasion or mild coercion.

*United States v. Brown*, 43 F.3d 618, 623 (11th Cir. 1995) (citation omitted).

"Evidence of persuasion or mild coercion may be shown by the evidence that the defendant had not favorably received the government plan, and the government had to push it on him, or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate." *Sistrunk*, 622 F.3d at 1333 (quotations omitted). And after the defendant sustains his burden of showing "some evidence that the government induced the defendant to commit the crime, the question of entrapment becomes a factual one for the jury to decide." *Id.* Importantly, we have stated that "[w]hen an entrapment defense is rejected by the jury, our review is limited to deciding whether the evidence was sufficient to permit a reasonable jury to conclude that the defendant was predisposed to take part in the illicit transaction." *Brown*, 43 F.3d at 622.

"[A] defendant who chooses to present a defense runs a substantial risk of bolstering the Government's case." *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). Moreover, we have long held that "a statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt." *Id.* (emphasis in original).

As a preliminary matter, because Escudero does not challenge his convictions on the basis that the evidence was insufficient to prove, as a factual matter, the elements of those offenses, and instead argues only that a reasonable

5

jury could not have found that he had failed to establish his defenses of duress and entrapment, our review of his convictions will focus only on whether the evidence was sufficient to permit a reasonable jury to reject those defenses.

Here, sufficient evidence was presented to negate Escudero's affirmative defense of entrapment. There was ample evidence of predisposition—e.g. phone calls and text messages relating to the Tampa deal—providing evidence that Escudero was a seasoned drug dealer. Additionally, the jury was free to disbelieve Escudero's testimony that he was not a drug dealer, and that he had only agreed to participate in a Tampa drug deal—which he testified was his first ever drug deal—because he wanted to further his dream of transporting watermelons. *Brown*, 53 F.3d at 315. The jury could have found the opposite. Therefore, the evidence was sufficient to permit a reasonable jury to conclude that Escudero was predisposed to committing the charged offenses, and consequently, to reject Escudero's entrapment defense. *Brown*, 43 F.3d at 622.

Ample evidence was also presented to negate Escudero's affirmative defense of duress. Moreover, the jury was free to disbelieve Escudero's testimony as to the threats he received, and to conclude that the opposite of what he said was true. *Brown*, 53 F.3d at 315. Based on the evidence at trial, a reasonable jury could have concluded that—as this jury did—Escudero failed to prove his duress defense and that he was therefore guilty of charged offenses.

Therefore, a reasonable jury could have concluded that Escudero failed to establish his defenses of entrapment and duress, and that he was therefore guilty of the charged offenses, both of which he did not contest having committed. As such, we affirm the district court's denial of his renewed motion for judgment of acquittal.[1]

## II.    U.S.S.G. § 3B1.1(b) Enhancement

We review a district court's factual findings, including a defendant's role in a crime, for clear error. *United States v. Mesa*, 247 F.3d 1165, 1168 (11th Cir. 2001). And we review the district court's application of the Sentencing Guidelines to the facts *de novo*. *Id.*

Under U.S.S.G. § 3B1.1(b), the district court must enhance a defendant's offense by three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). In assessing a defendant's role in the offense, the factors the courts should consider include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope

---

[1] Escudero waived appellate review of his initial motion for judgment of acquittal by presenting his case after it was denied. *See United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir. 1994) (noting that "[i]n our circuit, a defendant's decision to present his case after denial of a motion for judgment of acquittal operates as a waiver of his objection to the denial of his motion for acquittal.").

of the illegal activity, and the degree of control and authority exercised over others.

*See* § 3B1.1, comment. (n.4); *United States v. Njau*, 386 F.3d 1039, 1041 (11th Cir. 2004).  There is no requirement that all of these factors must be present; they "are merely considerations for the sentencing judge."  *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009).

"The mere status of a middleman or a distributor does not support enhancement under Section 3B1.1 for being a supervisor, manager, or leader. Section 3B1.1 requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership."  *United States v. Ndiaye*, 434 F.3d 1270, 1304 (11th Cir. 2006) (quotation omitted).  "[T]here must be evidence that the defendant exerted some control, influence, or decision-making authority over another participant in the criminal activity."  *Martinez*, 584 F.3d at 1026.

Here, Escudero has failed to show that the district clearly erred in applying a three-level enhancement to his base offense level under § 3B1.1(b), because the government offered sufficient evidence to demonstrate that he was a manager or supervisor of the scheme for which he was convicted.  U.S.S.G. § 3B1.1(b).  That evidence included, among other things, the phone calls and text messages regarding the Tampa drug deal, which showed that Escudero managed and controlled the money courier, or in Escudero's own words, his "guy."  *Martinez*,

584 F.3d at 1026. Accordingly, we affirm the Escudero's total sentence in this respect.

### III. Denial of Reduction Under U.S.S.G. § 3E1.1

We review the district court's decision regarding acceptance of responsibility for clear error. *United States v. Calhoon*, 97 F.3d 518, 531 (11th Cir. 1996). To find the district court's decision clearly erroneous, we must have a "definite and firm conviction that a mistake was committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation omitted). Because a sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the district court's decision in that respect will not be overturned unless the facts in the record clearly establish that the defendant actually accepted personal responsibility. *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). The defendant bears the burden of proving he clearly accepted responsibility. *Id*.

The Sentencing Guidelines allow for a decrease in the offense level by two or three points if the defendant clearly demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1. A wide range of evidence may be considered in determining if the defendant recognizes the wrongfulness of his conduct, has remorse for the consequences, and is willing to turn away from that conduct in the future. *United States v. Scroggins*, 880 F.2d 1204, 1215-16 (11th Cir. 1989).

In pertinent part, the commentary to § 3E1.1 explains as follows:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct event though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pretrial statements and conduct.

U.S.S.G. § 3E1.1, comment. (n. 2). We have relied on the commentary in stating that such a rare situation may exist when a defendant goes to trial only to preserve issues that do not relate to factual guilt. *United States v. Brenson*, 104 F.3d 1267, 1288-89 (11th Cir. 1997).

Moreover, we have previously noted that a defendant would not be "barred as a matter of law from receiving an adjustment [for acceptance of responsibility] merely because he asserted an entrapment defense at trial, even though some courts have viewed the assertion of an entrapment defense as the virtual antithesis of acceptance of responsibility." *Joiner v. United States*, 103 F.3d 961, 963 (11th Cir. 1997).

10

In this case, Escudero has failed to demonstrate that the district court clearly erred in finding that he had not accepted responsibility as contemplated by U.S.S.G. § 3E1.1. First, although Escudero was not automatically ineligible for this reduction because he went to trial and pursued two different defenses, his case was not the type of "rare situation" in which a reduction under § 3E1.1 is warranted, because he did not go to trial to preserve a constitutional challenge or raise an issue that did not relate to his factual guilt. § 3E1.1, comment. (n. 2). Secondly, in claiming that his criminal conduct was the product of government entrapment and duress, Escudero placed responsibility for his crimes on others, and it was not until he was allowed to allocate at sentencing that he truly expressed remorse for his actions. Under these facts, it cannot be said that the district court clearly erred in concluding that a reduction for acceptance of responsibility was not warranted in Escudero's case. Accordingly, we affirm Escudero's total sentence.

**AFFIRMED.**

11