**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10543

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CHAD ALLEN PEASE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00115-CEM-DCI-1

————————————

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Chad Pease, following his conviction by a jury, appeals his 271-month sentence for attempted enticement of a minor to en-

gage in sexual activity and commission of a felony offense involving a minor by a registered sex offender.  He argues that the district court erred by denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

"We  review a district court's determination of a defendant's acceptance of responsibility for clear error."  *United States v. Andres*, 960 F.3d 1310, 1318 (11th Cir. 2020).  Under the deferential standard of clear-error review, "we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed."  *United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009) (citation modified).  We review de novo a defendant's claim that the district court mistakenly believed it lacked authority to a grant a reduction under the guidelines.  *See United States v. Hansen*, 262 F.3d 1217, 1255 (11th Cir. 2001).

Under the Sentencing Guidelines, a defendant is entitled to a two-point reduction of his offense level "[i]f [he] clearly demonstrates acceptance of responsibility for his offense."  § 3E1.1(a).  "[T]he reduction is intended to reward defendants who express contrition for their wrongdoing and evidence a desire to reform their conduct."  *United States v. Williams*, 627 F.3d 839, 844 (11th Cir. 2010).  To determine whether the two-point reduction applies, the district court must consider, among other things, whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under [U.S.S.G.] § 1B.3 (Relevant Conduct)," as well

as "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." § 3E1.1, comment. (n.1(A), (H)). Because the district court is in a "unique position to evaluate a defendant's acceptance of responsibility," we give its decision "great deference on review." *United States v. Gonzalez*, 70 F.3d 1236, 1239 (11th Cir. 1995) (citation modified).

A defendant's decision to stand trial "does not automatically preclude a defendant from consideration for such a reduction." § 3E1.1, comment. (n.2). "In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." *Id*. Although "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse," it may apply "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." *Id*.

Mr. Pease pled not guilty and proceeded to a jury trial. At trial he asserted, among other things, the defense of entrapment. We have previously noted that a defendant would not be "barred as a matter of law from receiving an adjustment [for acceptance of responsibility] merely because he asserted an entrapment defense at trial, even though some courts have viewed the assertion of an entrapment defense as the virtual antithesis of acceptance of responsibility." *Joiner v. United States*, 103 F.3d 961, 963 (11th Cir. 1997).

A district court errs when it believes that, as a matter of law, it is prohibited from granting a reduction based on acceptance of responsibility because the commentary to the Guidelines "does not include any conduct that would automatically preclude a defendant from receiving the reduction." *United States v. Mathews*, 874 F.3d 698, 709 (11th Cir. 2017). Here, however, the district court never suggested that Mr. Pease's assertion of an entrapment defense legally precluded him from an acceptance of responsibility adjustment. To the contrary, the court indicated that a defendant who puts the government to its burden of proof and proceeds to trial is generally not entitled to an acceptance of responsibility adjustment but allowed Mr. Pease to seek such an adjustment if he had a "compelling argument" to make. *See* D.E. 85 at 5–6. *See also United States v. Whyte*, 928 F.3d 1317, 1335 (11th Cir. 2019) ("The reduction may be available, in a rare case, even when the defendant proceeds to trial[.]") (internal quotation marks and citation omitted).

We discern no clear error on the part of the district court in denying an acceptance of responsibility adjustment. The probation officer noted that Mr. Pease had not accepted responsibility for his conduct. *See* PSI Addendum. Indeed, at sentencing Mr. Pease sought to minimize his behavior by indicating that he had not been taking his bipolar medication and that was related to his risky and impulsive actions. *See* D.E. 85 at 7, 9–10. "It is . . . clear that a defendant has not accepted responsibility where he proceeded to

25-10543    Opinion of the Court    5

trial and consistently attempted to minimize his role, despite evidence to the contrary." *United States v. Caraballo*, 595 F.3d 1214, 1233 (11th Cir. 2010) (citation modified).

We affirm Mr. Pease's sentence.

**AFFIRMED.**