[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10735
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00006-RLV-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL SCOTT ANDERSON,
a.k.a. Randocom,
a.k.a. ANDRCGA@aol.com,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 14, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Randall Anderson appeals his conviction for attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and he appeals his 324-month sentence, imposed at the low-end of the applicable Guidelines range, as being procedurally and substantively unreasonable.  The evidence at trial showed that Anderson, through emails, phone calls, and a face-to-face meeting, arranged with an undercover law enforcement agent posing as a stepfather to two boys, ages 11 and 14, to have a sexual encounter with the two children at a Georgia hotel.  Anderson was arrested when he arrived at the hotel where the sexual contact was to take place, and he had brought with him pornographic films, an assortment of sex toys, condoms, and drugs that he had discussed administering to the children.  He stated, in his post-arrest interview and at trial, that he would have gone through with the sexual encounter with the children.  He also stated at trial that he was aware of the ages of the children he intended to meet at the hotel.

On appeal, Anderson argues that (1) the district court erred in excluding expert testimony related to his intent to have sexual contact with minors; (2) the court erred in applying a 2-level enhancement to the offense level for use of a computer, pursuant to U.S.S.G. § 2G1.3(b)(3); (3) the court erred in applying a 2-level enhancement to the offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1; (4) the court erred in applying an 8-level enhancement to the

2

offense level for an offense involving a minor under age 12, pursuant to U.S.S.G. § 2G1.3(b)(5), when the "child" involved in Anderson's offense conduct was fictitious; (5) the court erred in applying the grouping rules, pursuant to U.S.S.G. § 3D1.1, to account for Anderson's conduct directed towards two child victims when Anderson was only convicted on one count; (6) the court violated Anderson's constitutional rights by considering his HIV-positive status as a sentencing factor; and (7) his 324-month sentence was substantively unreasonable. After thorough review, we affirm.

## I.

First, Anderson argues that the district court erred in excluding expert testimony related to Anderson's intent to have sexual contact with children.

We review a district court's decisions regarding the admissibility of expert testimony for abuse of discretion and cannot reverse "unless the ruling is manifestly erroneous." *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc) (quotation omitted). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id*. at 1259. Moreover, even if a district court abused its discretion through an erroneous evidentiary ruling, we will not reverse if the error was harmless. *United States v.*

3

*Khanani*, 502 F.3d 1281, 1292 (11th Cir. 2007).  An error is harmless unless there is a reasonable likelihood that it affected the defendant's substantial rights, and we will not reverse if there is sufficient evidence uninfected by any error that supports the verdict.  *Id.*

When a defendant fails to object to an evidentiary ruling below, we review only for plain error.  *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).  When analyzing a claim under the plain-error standard, we will look to see (1) whether the district court committed error, (2) whether the error was plain, and (3) whether the error affected substantial rights.  *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006).  "'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'"  *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993).  Error affects substantial rights when it affects the outcome of the proceeding.  *Id*. at 734, 113 S. Ct. at 1778.  In order to be reversible, this error also must "seriously affect[] the fairness, integrity or public reputation of judicial proceedings."  *Id*. at 732, 113 S. Ct. at 1776 (quotations omitted).

Expert testimony is admissible if it concerns scientific, technical, or other specialized knowledge that will aid the jury or other trier of fact to understand or resolve a fact at issue, is based on sufficient facts or data, is the product of reliable

4

principles and methods, and the expert has reliably applied the principles and methods to the facts of the case.  Fed. R. Evid. 702.  Generally, opinion evidence "is not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704(a).  However, federal rules prohibit an expert witness in a criminal case from offering an opinion about whether the defendant had a mental state that constitutes an element of the charged crime or of a defense.  Fed. R. Evid. 704(b).  Additionally, a court may exclude even relevant evidence if its probative value is substantially outweighed by a danger of, *inter alia*, misleading the jury.  Fed. R. Evid. 403.

Section 2422(b) of Chapter 18 of the United States Code provides in relevant part:

> Whoever, using . . . any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be . . . imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).  To convict a defendant of attempt, the government must prove "(1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense."  *United States v. Murrell*, 368 F.3d 1283, 1286 (11th

5

Cir. 2004) (citations omitted). Thus, to obtain a conviction of attempted violation of § 2422(b), the government must prove that the defendant, using a facility or means of interstate or foreign commerce, "acted with a specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex." *Id*. The government is not required to show that a defendant knew his victim was under age 18 in order to obtain a conviction under § 2422(b). *See United States v. Daniels*, 685 F.3d 1237, 1248-50 (11th Cir.), *petition for cert. filed*, (U.S. Sept. 28, 2012) (No. 12-6556).

"An affirmative defense of entrapment requires two elements: (1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant." *United States v. Sistrunk*, 622 F.3d 1328, 1333 (11th Cir. 2010) (quotation omitted). The defendant bears the burden of showing evidence that the government persuaded or coerced him to commit the crime, and after he meets this burden "the question of entrapment becomes a factual one for the jury to decide." *Id*. (quotation omitted).

At trial, Anderson sought to introduce evidence from an expert report from Dr. Michael Hilton, a doctor who had evaluated Anderson. The district court ruled that Dr. Hilton was able to testify as to a majority of the report, but that he was not permitted to testify as to one paragraph of the report containing, *inter alia,* Dr.

6

Hilton's opinions that Anderson "described a sexual history that is inconsistent with pedophilic behavior (sex with underage individuals)"; the fact that Anderson "admitted to having had sexual fantasies in the past towards old teenage males which is not unusual and not indicative of pedophilia or of being an at risk individual for having sex with minors"; and Dr. Hilton's opinion that, "I see no credible evidence in my examination that suggests that Mr. Anderson has pedophilic interests. The circumstances surrounding his arrest do indicate that manipulation . . . did occur."

The district court did not abuse its discretion in excluding the proffered expert testimony that Anderson did not intend to have sex with the child victims and that Anderson was enticed by law enforcement. Testimony by Dr. Hilton as to Anderson's intent would address a mental state that was an element of the charged crime, *see Murrell*, 368 F.3d at 1286, and whether Anderson was predisposed to engage in sexual conduct with minors was a mental state relevant to his entrapment defense, *see Sistrunk*, 622 F.3d at 1333. Admission of such testimony would have violated Federal Rule of Evidence Rule 704(b). Even if Anderson could establish that the court abused its discretion in excluding this expert testimony, the error would be harmless because there was sufficient evidence uninfected by the error to support the guilty verdict. Additionally, Anderson fails

7

to show that the court's exclusion of expert testimony regarding his general sexual interests was plain error[1] and, in light of the overwhelming evidence supporting the jury's verdict, he cannot show that any error affected his substantial rights. *See Olano*, 507 U.S. at 734, 113 S. Ct. at 1778.

## II.

Second, Anderson argues that the district court erred in applying a two-level enhancement to his offense level for "use of a computer."

We review factual findings for clear error, and review application of the Sentencing Guidelines to those facts *de novo*.  *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006).  In fashioning an appropriate sentence, the district court must first accurately calculate the appropriate advisory Guidelines range.  *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005).  "After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable."  *Id*.

Section 2G1.3(b)(3) of the United States Sentencing Guidelines provides for a two-level increase to the offense level if an offense involved the use of a computer or an interactive computer service to "entice, encourage, offer, or solicit

---

[1]    Because Anderson raised this argument for the first time on appeal, we review only for plain error.  *See Turner*, 474 F.3d at 1275.

8

a person to engage in prohibited sexual conduct with [a] minor." U.S.S.G.

§ 2G1.3(b)(3). The application note for this provision explains that it is intended

to apply to the use of a computer to communicate directly with a minor or with a

person who exercises custody, care, or supervisory control of the minor. *Id.*

comment. (n.4).

Anderson argues that the Sentencing Guidelines enhancement for use of

computers is "irrational." But the district court was obligated to correctly

calculate Anderson's applicable Guidelines range, and the court did not clearly err

in finding that Anderson used a computer in the commission of the offense;

therefore, the district court properly applied the two-level enhancement for use of

a computer.

## III.

Third, Anderson argues that the district court erred in applying a two-level

enhancement to his offense level for obstruction of justice.

Again, we review factual findings for clear error, and review application of

the Sentencing Guidelines to those facts *de novo*. *McGuinness*, 451 F.3d at 1304.

"Where . . . the district court must make a particularized assessment of the

credibility or demeanor of the defendant, such as when applying the obstruction of

justice enhancement for perjury, we accord special deference to the district court's

9

credibility determinations." *United States v. Banks*, 347 F.3d 1266, 1269 (11th Cir. 2003).

Pursuant to U.S.S.G. § 3C1.1, a defendant may qualify for a two-level enhancement if he or she "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. An offender may obstruct or impede justice by "committing, suborning, or attempting to suborn perjury." *Id.* comment. (n.4(B)). For the purpose of applying this enhancement, perjury includes giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116, 122 L. Ed. 2d 445 (1993). For purposes of § 3C1.1, "material" means "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6).

"When applying this enhancement, the district court [should] make specific findings as to each alleged instance of obstruction by identifying the materially false statements individually." *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (internal quotation marks omitted). While it is preferable for a district

10

court to identify the material facts it relies upon in finding that a defendant testified falsely, we have held that, "in the context of the record . . . , detailed findings were not necessary and would have been redundant." *United States v. Smith*, 231 F.3d 800, 820 (11th Cir. 2000) (internal quotation marks omitted) (alteration in original).  Rather, a general finding that encompasses all factual predicates of perjury can be sufficient, such as an indication that the district court's finding relied on the evidence presented at trial and that it expressly adopted a Presentence Investigation Report ("PSI") that specifically detailed the defendant's actions that warranted the obstruction enhancement. *Id*.  Moreover, we have indicated that when a defendant does not request more specific findings of fact by the district court, it is "too late" to complain to this Court. *Id*. (citation omitted).

The district court did not clearly err in finding that the enhancement for obstruction of justice was warranted by Anderson's perjury at trial.  Through the district court's finding at sentencing that there was "no question" that Anderson denied his participation in the offense to the jury and the district court's explicit adoption of the PSI, the district court made general findings that encompassed all factual predicates of perjury and which, in the context of the record, can satisfy the requirement that it make factual findings of perjury. *See id*.  Although Anderson

11

argues on appeal that the district court failed to make specific factual findings, it is "too late" to complain because he did not raise this objection before the district court or request more specific findings of fact. *See id.*

IV.

Fourth, Anderson argues that the district court erred in applying an 8-level enhancement to the offense level for an offense involving a minor under age 12.

We review the district court's application of the Sentencing Guidelines *de novo*. *McGuinness*, 451 F.3d at 1304. Pursuant to U.S.S.G. § 2G1.3(b)(5), an offender convicted under § 2422(b) for an offense involving a minor who had not obtained the age of 12 years receives an 8-level increase to his or her offense level. U.S.S.G. § 2G1.3(b)(5). The application note for this Guideline provision defines "minor" to include "an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not yet attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct." U.S.S.G. § 2G1.3(b)(5), comment. (n.1). Addressing a sentencing-factor-manipulation claim in the context of a defendant appealing the application of U.S.S.G. § 2G2.1(b)(1), a similar enhancement under the Guideline for production of child pornography, when the "victim" was an undercover agent posing as a 15-year-old girl, we rejected the defendant's argument that the district

12

court erred in applying the enhancement because law enforcement had selected the victim's age. *United States v. Bohannon*, 476 F.3d 1246, 1252 (11th Cir. 2007). We held that the district court correctly applied the enhancement based on the fictitious victim's age, noting that the government's conduct in choosing the victim's age was "no more manipulative than in any other sting operation." *Id*.

At trial, Anderson testified that he knew, prior to his arrest, that the children involved were 11 and 14 years old, and he also told the undercover agent that he knew sexual contact with them would be "illegal." There is no evidence that the undercover agent ever changed his representation of the children's ages to Anderson during their numerous communications. The Sentencing Guidelines provide for the application of the age-based enhancement even when the offense involves fictitious children represented as real by government officials, and the district court properly applied the 8-level enhancement pursuant to § 2G1.3(b)(5) based on the ages of the fictitious victims.

## V.

Fifth, Anderson argues that the district court violated his constitutional rights by considering his HIV-positive status as a sentencing factor.

Generally we review *de novo* the legality of a sentence under the Eighth

13

Amendment. *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005).

However, when a defendant raises an Eighth Amendment argument for the first

time on appeal, we review only for plain error. *United States v. Raad*, 406

F.3d 1322, 1323 (11th Cir. 2005). The Eighth Amendment provides that

"[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and

unusual punishment inflicted." U.S. Const. amend. VIII. The Eighth Amendment

encompasses a narrow proportionality principle that applies to non-capital cases.

*United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995). To determine whether

an Eighth Amendment violation has occurred, we first must make "a threshold

determination that the sentence imposed is grossly disproportionate to the

offense." *Id.* The defendant bears the burden of making this threshold showing of

gross disproportionality. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir.

2006). Only after we determine that the sentence is grossly disproportionate must

we consider the sentences imposed on other criminals in the same jurisdiction and

the sentences imposed for the same crime in other jurisdictions. *Id.* "In general, a

sentence within the limits imposed by statute is neither excessive nor cruel and

unusual under the Eighth Amendment." *Moriarty*, 429 F.3d at 1024 (quotation

omitted).

First, Anderson has abandoned his claim that the district court violated his equal protection rights by considering his HIV-positive status because he only mentions equal protection in passing and fails to offer any argument in support of this claim.  Second, even assuming that Anderson properly presented his appeal on Eighth Amendment grounds, his arguments fail as he makes no showing that his sentence was grossly disproportionate to his offense, and, thus, fails to meet the threshold requirement for mounting an appeal on Eighth Amendment grounds.

## VII.

Finally, Anderson argues that his 324-month sentence was substantively unreasonable.

We review a sentence imposed by the district court for reasonableness and evaluate the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007).  When reviewing a sentence, we must first determine that the "district court committed no significant procedural error."  *Id*. at 51, 128 S.Ct. at 597.  A reviewing court must consider several factors to determine if a sentence is procedurally unreasonable, including whether the district court improperly calculated the Guidelines range, treated the Guidelines range as mandatory, failed to consider the § 3553(a) sentencing factors, selected a sentence

15

based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *Id*.

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. *Id*. Although we do not apply a presumption of reasonableness for sentences falling within the Guidelines range, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We review the totality of the facts and circumstances to gauge for substantive error. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc). The party challenging the sentence has the burden to establish that the sentence is unreasonable. *Talley*, 431 F.3d at 788. The relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Id.* The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (summarizing 18 U.S.C. § 3553(a)).  A district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  An acknowledgment that the court considered the defendant's arguments and the § 3553(a) factors is adequate.  *See Talley*, 431 F.3d at 786.  We may vacate a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

We have held that the HIV-positive status of a child sex offender whose conduct exposed his minor victims to a risk of HIV infection was relevant to his offense conduct, even if the risk of infection was minimal, and that the district court properly considered the sex offender's HIV-positive status in imposing a sentence.  *See United States v. Lebowitz*, 676 F.3d 1000, 1016 (11th Cir. 2012).  In *Irey*, we vacated a defendant's 210-month downward variance sentence and remanded with instructions for the district court to impose a 360-month sentence equal to the Guidelines range for a defendant found guilty of sexually exploiting at least fifty children for the purpose of producing child pornography.  612 F.3d

17

at 1224-25.  In *United States v. Dean*, we affirmed the reasonableness of a 30-year statutory maximum sentence for an offender convicted of sexually abusing his stepdaughter for more than fifteen years and filming the abuse to produce pornographic films.  635 F.3d 1200, 1212 (11th Cir. 2011).  In *United States v. Kapordelis*, we affirmed the reasonableness of a 420-month upward variance sentence for producing, receiving, and possessing child pornography.  569 F.3d 1291, 1298, 1319 (11th Cir. 2009).

The district court properly applied the enhancements to Anderson's offense level based on his use of a computer, his obstruction of justice, the age of a minor child, and his conduct towards multiple victims, and, accordingly, did not commit procedural error.  Further, the sentence was substantively reasonable because the district court considered and weighed the appropriate sentencing factors, and Anderson has not met his burden in showing that the sentence was unreasonable. The court properly considered, as part of his offense conduct, that Anderson never revealed that he was HIV-positive and the danger of clandestine exposure to minor victims of HIV infection.  *See Lebowitz*, 676 F.3d at 1016.  The court also considered Anderson's background, the need to protect the public from such crimes, and the fact that Anderson could have stopped this conduct at any point prior to driving to the location to meet with who he thought to be an 11 year old

and a 14 year old.  After considering all of these factors, the district court imposed a sentence at the low-end of the Guideline range.

Anderson also argues that his sentence creates unwarranted sentencing disparities.  However, Anderson only presents three cases on appeal, each of which involved longer sentences imposed on offenders convicted of different offenses.  *See generally Irey*, 612 F.3d at 1160; *Dean*, 635 F.3d at 1200; *Kapordelis*, 569 F.3d at 1291.

Anderson has not met his burden of demonstrating that the sentence is procedurally or substantively unreasonable.

VIII.

For the foregoing reasons, we affirm.[2]

**AFFIRMED.**

---

[2]    Anderson has abandoned the issue of whether the district court incorrectly applied grouping rules, pursuant to U.S.S.G. § 3D1.1, because he fails to make any argument in support of his appeal on this basis.  *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).