[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 7, 2010
JOHN LEY
CLERK

_____

No. 09-12798

_____

D. C. Docket No. 08-21148-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARIS SISTRUNK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2010)

Before BARKETT and MARCUS, Circuit Judges, and HOOD,* District Judge.

_____

* Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

HOOD, District Judge:

Tavaris Sistrunk appeals his conviction by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He argues that: (1) the district court erred by ruling, as a matter of law, that the entrapment defense did not apply to 18 U.S.C. § 922(g)(1) because it is a strict liability offense; (2) that withdrawal of the entrapment instruction with respect to 18 U.S.C. § 922(g)(1) violated Fed.R.Crim.P. 30; and (3) that the district court erred by giving the jury a modified *Allen* charge after the jury informed the court that they were deadlocked. The government argues that, irrespective of whether the entrapment defense is applicable to 18 U.S.C. § 922(g)(1), there was insufficient evidence to support submitting the entrapment defense to the jury as to Sistrunk. With respect to the *Allen* charge, the government argues that the modified charge, taken from the pattern instructions, was not *per se* coercive, and was not coercive under the circumstances of this case. For the reasons set forth below, we **AFFIRM** the conviction.

## I. BACKGROUND

Sistrunk, a convicted felon, became involved in a scheme to commit an armed robbery on a residence being used as a drug "stash house." The target residence was alleged to hold 25 kilograms of cocaine. However, the scheme was actually a police sting, organized in part by a confidential informant, whose identity was kept

anonymous at trial, as well as by an undercover agent, Juan Sanchez. The evidence at trial revealed that the confidential informant first brought in a co-defendant, William Espinoza, who attended two meetings with Sanchez and the confidential informant, as well as the other two co-defendants, Nicholas Knights and Sergio Ayers. Sistrunk was contacted about the crime by Espinoza. The record is silent concerning what Espinoza told Sistrunk about the robbery before Sistrunk attended the third and final meeting. However, at this meeting Espinoza made it clear that Sistrunk and the others knew what the plan involved and that they would be armed. Sanchez repeated that the home containing the cocaine was only being guarded by two to three older male guards and that only one of those men would be armed. Sanchez testified at trial that the value of 25 kilograms of cocaine was not discussed at the meetings; however, it was worth approximately $500,000.

As Sanchez left the meeting on December 3, 2008, Sistrunk and the other co-defendants were admiring a luxury boat for sale. Sanchez remarked, "I know what you guys are doing, man. You checking out which one you gonna buy tomorrow." This, Sistrunk argues, was meant to induce them to commit the planned crime by demonstrating the vast wealth awaiting them.

The following day, the confidential informant met with Sistrunk and his co-defendants to travel to the stash house. Before they left, Sistrunk and the others

returned to the car that they had arrived in and retrieved several items, including three guns. When the confidential informant asked the group if they had enough fire power, Sistrunk responded, "Hell, yeah." The confidential informant then drove Sistrunk and the other defendants to a warehouse where they were arrested. Sistrunk does not challenge the finding that he was in possession of a gun or that he was a convicted felon.

Multiple counts were charged against each defendant, and all defendants were tried together. Sistrunk's closing argument did not specifically mention entrapment, or refer to the jury instruction for the entrapment defense. Instead, the closing argument focused on the public authority defense. However, Sistrunk's counsel did include in his closing argument the facts he now argues serve as the evidentiary basis for the entrapment instruction and the trial judge gave a jury instruction on the defense of entrapment as to all defendants on all counts. After a few hours, the jury submitted two questions regarding the entrapment defense. Following the jury's questions, the judge determined that the entrapment defense did not apply as a matter of law to 18 U.S.C. § 922(g)(1). As a result, the district court withdrew the entrapment instruction as to count seven of the indictment (felon in possession of a firearm) for Sistrunk.

The jurors sent a note indicating that they had reached a decision as to one

defendant, but not the remaining two defendants. The district court asked them to continue their deliberations. Approximately one and a half hours later, the jurors indicated that they had reached a decision as to two defendants, but not the third. At that point, the district court gave an *Allen* charge to the jury. Approximately fifty minutes later, the jury returned a verdict as to all defendants. Sistrunk was found guilty only on count seven. The other defendants were acquitted on all charges. Sistrunk was sentenced to 200 months in prison with five years of supervised release. This appeal timely followed.

## II. DISCUSSION

The offense of being a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1), is a strict liability offense, in that the defendant need not have known that his possession of the firearm was illegal, and need not have intended to violate the law; the government need only prove that the defendant consciously possessed what he knew to be a gun. *United States v. Deleveaux*, 205 F.3d 1292, 1298 (11th Cir. 2000). Thus, the defendant's state of mind is generally not relevant to this charge. *United States v. Thompson*, 25 F.3d 1558, 1564 (11th Cir. 1994).

The Eleventh Circuit has recognized that the defense of entrapment by estoppel applies to the offense of felon in possession of a firearm, *United States v. Thompson*, 25 F.3d 1558 (11th Cir. 1994); *United States v. Hedges*, 912 F.2d 1397 (11th Cir.

1990), but we have not squarely addressed the question of whether entrapment is a viable affirmative defense to this charge. Entrapment by estoppel applies "when an official tells a defendant that certain conduct is legal and the defendant believes that official." *Hedges*, 912 F.2d at 1405. At issue in this case, however, is the more general, or garden variety, defense of entrapment, which applies when a person not predisposed to commit a crime is induced to do so by the government. *United States v. Humphrey*, 670 F.2d 153, 154 (11th Cir. 1982). Entrapment by estoppel, similar to entrapment, "rests upon principles of fairness" and thus, "it may be raised even in strict liability offense cases." *Hedges,* 912 F. 2d at 1405. We find no reason that the rationale underlying the decisions in *Thompson* and *Hedges* may not be extended to permit the entrapment defense to apply to this charge.

Moreover, entrapment, as an affirmative defense, "does not negate any element of the charged offense," *United States v. Deleveaux*, 205 F.3d 1292, 1299 (11th Cir. 2000) (applying the affirmative defense of justification to the charge of felon in possession of a firearm), such as intent, but is a "complete defense[] that, once proven by the defendant . . . , negate[s] criminal liability for an offense, notwithstanding that the State has otherwise proven all the elements of that offense beyond a reasonable doubt," *Aparicio v. Artuz*, 269 F.3d 78, 98 (2nd Cir. 2001).

After a careful review of the authorities in this Court and our sister Courts, we

6

find that the affirmative defense of entrapment applies to the offense of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Thus, we hold that the trial court erred by ruling that the defense of entrapment was not available to Sistrunk as a matter of law. As applied to the facts of this case, however, we conclude this error was harmless.

We have long held that the sufficiency of the defendant's evidence of government inducement is a legal issue to be decided by the trial court. *United States v. Parr*, 716 F.2d 796, 802 (11th Cir. 1983); *United States v. Reyes*, 645 F.2d 285, 287 (5th Cir. 1981); *United States v. Wolffs*, 594 F.2d 77, 80 (5th Cir. 1979); *United States v. Tate*, 554 F.2d 1341, 1344 (5th Cir. 1977); *Pierce v. United States*, 414 F.2d 163, 166 & n.5 (5th Cir. 1969). Nevertheless, while some of our cases have predictably applied a *de novo* standard of review, *see, e.g., United States v. Davis*, 902 F.2d 860, 866 (11th Cir. 1990), others have purported to review the question for an abuse of discretion, *United States v. Alston*, 895 F.2d 1362, 1368 (11th Cir. 1990). We need, however, not attempt to resolve the muddled issue as to the appropriate standard of review in this Circuit because the result here would be the same under either standard.

An affirmative defense of entrapment "requires two elements: (1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant."

7

*United States v. Brown,* 43 F.3d 618, 623 (11th Cir. 1995) (citing *Mathews v. United States*, 485 U.S. 58 (1998)). The defendant's right to present the entrapment "defense is conditional, since before an entrapment defense may be presented to the jury, an evidentiary foundation for a valid entrapment defense must be present." *United States v. Ryan*, 289 F.3d 1339, 1343 (11th Cir. 2002) (alteration omitted). As the Court in *Ryan* held, "[i]n laying an evidentiary foundation for entrapment, the defendant bears the initial burden of production as to government inducement; once the defendant meets this burden, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." *Ryan*, 289 F.3d at 1343. To meet this burden, a defendant may produce

> any evidence sufficient to raise a jury issue 'that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.' This burden is light because a defendant is generally entitled to put a recognized defense to the jury where sufficient evidence exists for a reasonable jury to find in her favor. Nevertheless, evidence of the government's mere suggestion of a crime or initiation of contact is not enough. Instead, government inducement requires an element of persuasion or mild coercion. As the First Circuit has recently observed, inducement consists of *opportunity plus something like excessive pressure or manipulation of a non-criminal motive*."

*United States v. Brown*, 43 F.3d 618, 623 (11th Cir. 1995) (citations omitted) (emphasis added). Evidence of "persuasion or mild coercion" may be shown by evidence that the defendant "had not favorably received the government plan, and the

8

government had to 'push it' on him, or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate." *Ryan*, 289 F.3d at 1344 (quoting *United States v. Alston*, 895 F.2d 1362, 1368 (11th Cir. 1990)). To raise an entrapment defense, "a defendant must prove more than that the government first solicited him or merely provided the opportunity for the crime." *United States v West*, 898 F.2d 1493, 1502 (11th Cir. 1990). After the defendant meets his burden to show "some evidence that the government induced the defendant to commit the crime, the question of entrapment becomes a factual one for the jury to decide." *Ryan*, 289 F.3d at 1344 (quoting *United States v. Timberlake*, 559 F.2d 1375, 1379 (5th Cir. 1977)).

The evidence presented at trial was not sufficient to justify submitting an entrapment defense to the jury. Sistrunk offers several arguments which he contends warranted an instruction on entrapment. First, he argues that the nature of the proposed crime was simply too good to be true. As he explains it, the sheer amount of cocaine allegedly sitting in a home guarded by only two or three "older" men, who would only have one firearm available, was a scenario so irresistible that it qualifies as inducement by the government. Second, Sistrunk contends that the comments made by the undercover police officer, Sanchez, regarding the luxury boat demonstrated inducement. Next, Sistrunk avers that the jury could infer that

9

inducement occurred by circumstantial evidence because there was no evidence introduced of what Espinoza told the others before the initial meeting that Sistrunk attended. Finally, Sistrunk argues that inducement could be inferred because the confidential informant's identity and statements were not introduced at trial, but the jury learned that he was a convicted felon who was paid for providing offenders to law enforcement. However, these facts present nothing more than evidence that the government presented the opportunity for Sistrunk to commit the crime. *See West*, 898 F.2d at 1502. While the opportunity presented may have been attractive to Sistrunk and his co-defendants, that is not sufficient to show inducement. The record reveals no evidence of any actions or statements that would rise to the necessary level of excessive pressure or manipulation.

Defendant also argues that the district court violated Fed.R.Crim.P. 30 when it modified the jury instructions following closing arguments. Pursuant to Fed.R.Crim.P. 30, the district court is required to

> inform counsel of its proposed action upon requested jury instructions prior to closing arguments. This Court requires substantial compliance with Rule 30 and a defendant must show prejudice before his conviction will be reversed. Such prejudice occurs when the change in the instructions is substantial, when the instructions repudiate counsel's arguments or when the instructions impair the effectiveness of those arguments.

*United States v. Descent*, 292 F.3d 703, 707 (11th Cir. 2002) (citation and quotation

marks omitted). Sistrunk argues that he presented alternative defenses at trial: (1) that Sistrunk was acting under perceived public authority; and (2) that Sistrunk was entrapped. The record reveals that Sistrunk did not emphasize the entrapment defense during closing. In fact, counsel for Sistrunk did not refer to the jury instruction regarding entrapment or use the term entrapment during his closing argument. There is no evidence of prejudice to the defendant due to the modifications to the jury instructions following the charge to the jury. Thus, the district court did not violate Fed.R.Crim.P 30.

Finally, Sistrunk argues that the district court erred by giving the jury a modified *Allen* charge after the jury informed the court that they were deadlocked. The modified *Allen* charge given was from this Court's pattern jury charge, which has been approved on numerous occasions. *United States v. Woodward,* 531 F.3d 1352, 1364 (11th Cir. 2008); *see* U.S. Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Trial Instructions n. 7 (West 2003). Reviewing the totality of the circumstances surrounding the charge, this Court finds that the charge did not have a coercive impact on the jury. Thus, the district court did not err by giving the modified *Allen* charge.

## III. CONCLUSION

For all of the reasons stated above, Sistrunk's conviction is **AFFIRMED**.

11