[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10762
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00050-HLA-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GJOVALIN GJERGJI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 27, 2014)

Before PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Gjovalin Gjergji was convicted of selling a firearm to a person he knew or

had reasonable cause to believe had been convicted of a crime punishable by more

than one year in prison, in violation of 18 U.S.C. § 922(d)(1).  He makes two arguments on appeal.  First, Gjergji argues that the district court erred in denying his request for a jury instruction on entrapment.  Second, he argues that there was insufficient evidence for the jury to find that he knew or had reasonable cause to believe that the person to whom he sold the firearm was a convicted felon.   We address each argument in turn, and we affirm his conviction.

## I.

We review a district court's refusal to give a requested jury instruction for an abuse of discretion.  United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006). Generally, the failure to give a particular instruction is reversible error where the requested instruction (1) was correct, (2) was not substantially covered by the charge actually given, and (3) dealt with some point in the trial so important that failure to give the instruction seriously impaired the defendant's ability to conduct his defense.  Id.  Review of a district court's refusal to instruct the jury on entrapment, however, requires additional analysis.

Entrapment is an affirmative defense consisting of two elements: (1) government inducement of the crime and (2) lack of a predisposition to commit the crime on the part of the defendant.  United States v. Orisnord, 483 F.3d 1169, 1178 (11th Cir. 2007).  Before the defense of entrapment may be presented to the jury, an evidentiary basis for the defense must exist, meaning the trial court must

2

determine whether a jury could entertain a reasonable doubt as to whether the defendant was entrapped. United States v. Ryan, 289 F.3d 1339, 1343 (11th Cir. 2002). The defendant bears the initial burden of production as to government inducement, which he can meet by producing any evidence sufficient to raise a jury issue regarding whether the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it. Orisnord, 483 F.3d at 1178.

In meeting this initial burden, evidence of the government's mere suggestion of a crime or initiation of contact is not enough. United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995). Rather, "government inducement requires an element of persuasion or mild coercion[,] . . . . opportunity plus something like excessive pressure or manipulation of a non-criminal motive." Id. The defendant may show persuasion or mild coercion by presenting evidence that he did not favorably receive the government plan and that the government had to push it on him or that several attempts to arrange an illicit deal had failed and that the defendant had directly refused to participate on at least one occasion. Orisnord, 483 F.3d at 1178. If the defendant meets his initial burden as to inducement, the burden then shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the offense. Id.

3

"We have long held that the sufficiency of the defendant's evidence of government inducement is a legal issue to be decided by the trial court." United States v. Sistrunk, 622 F.3d 1328, 1333 (11th Cir. 2010).  However, this Court has not conclusively resolved the proper standard of review regarding whether a defendant presented sufficient evidence of government inducement to merit an entrapment instruction.[1]  See id. ("Nevertheless, while some of our cases have predictably applied a *de novo* standard of review, others have purported to review the question for an abuse of discretion." (citations omitted)).  We decline to resolve the issue today, as the result in this case would be the same under either standard.

Even under a de novo standard of review, the evidence presented at trial in this case was insufficient to merit a jury instruction on entrapment.  The evidence shows that Gjergji first met the government informant to whom he sold the firearm at an underground poker club.  The informant, who had been arrested on drug charges, was cooperating with the government and agreed to observe the patrons in

---

[1]       While some of our cases have reviewed the sufficiency of a defendant's evidence on inducement de novo, others have purported to review the question for an abuse of discretion. Compare United States v. Davis, 902 F.2d 860, 866 (11th Cir. 1990) ("The sufficiency of the defendant's evidence is a question of law, which requires the district court to review the evidence in the light most favorable to the defendant.  The trial court's ruling on this legal question is subject to *de novo* review when on appeal." (citations omitted)), and United States v. Gates, 967 F.2d 497, 499 (same), with United States v. Alston, 895 F.2d 1362, 1368 (11th Cir. 1990) ("The determination of whether a sufficient evidentiary foundation exists in the record which could support a jury's acceptance of an entrapment defense is properly a question for the trial judge, the standard of review being abuse of discretion." (internal quotation mark omitted)), and Ryan, 289 F.3d at 1344 (determining "whether the district court in this case abused its discretion in finding that Ryan did not produce evidence sufficient to raise a jury issue regarding government inducement" (internal quotation mark omitted)).

the poker club and report any criminal activity to the government.  After he

conveyed his belief that Gjergji would sell him a firearm, the government recorded

three telephone conversations between Gjergji and the informant on July 27, 2007.

In one of the phone calls, the informant attempted to talk to Gjergji about a

potential drug deal, referring to the drugs as "white girl" and candy," to which

Gjergji responded, "I don't know what you are talking about."  In the next

conversation, which Gjergji initiated, Gjergji suggested that the two meet at his

family's restaurant, and he gave the informant directions.  In the last conversation,

the informant asked Gjergji if he wanted to meet at the poker club instead, but

Gjergji insisted on meeting at the restaurant and provided additional directions.

The government recorded the conversations that took place between Gjergji

and the informant inside the restaurant.  After Gjergji instructed his cousin to show

the informant a handgun that Gjergji had sold him, the cousin offered to sell the

gun to the informant, who declined because of the price.  The conversation then

eventually turned to the firearm transaction at issue.  After the informant asked if

Gjergji had "that thing" with him at the restaurant, Gjergji responded that he was

going to have someone follow him to his house because he did not want to carry

the gun in his car.  The informant offered to follow Gjergji and told him that he

had to be somewhere by 6:00 that evening.  Gjergji then asked the informant if he

"really need[ed] it tonight," and the informant responded that he had to have the

5

gun that evening. Upon leaving the restaurant, the informant followed Gjergji to a McDonald's and waited there while Gjergji drove elsewhere to retrieve the firearm. Gjergji returned to the McDonald's parking lot and gave the informant a nine-millimeter semi-automatic handgun wrapped in a shirt in exchange for $400.

Gjergji argues on appeal that there was sufficient evidence from which a jury could conclude that the informant to whom he sold the firearm originated the criminal design, implanted it in Gjergji's mind, and induced him to perform it. Gjergji claims that the informant was highly motivated to persuade or coerce someone to engage in illegal activity to curry leniency from the government on his own charges and that the informant befriended Gjergji, who was particularly susceptible because of his young age of 19, for the purpose of inducing him to commit a crime. Gjergji also maintains that his so-called rejection of the informant's offer to participate in a drug deal demonstrates his reluctance to engage in criminal activity. We find, however, that the evidence does not reflect the requisite degree of persuasion or mild coercion required to demonstrate government inducement and warrant a jury instruction on entrapment.

"To raise an entrapment defense, a defendant must prove more than that the government first solicited him or merely provided the opportunity for the crime." Sistrunk, 622 F.3d at 1333 (internal quotation marks omitted). Here, the evidence proffered at trial shows little more than the government informant first soliciting

6

Gjergji and providing an opportunity to commit the offense. First, the fact that

Gjergji responded to the informant's attempt to discuss a drug transaction with "I

don't know what you are talking about" does not demonstrate that Gjergji "had not

favorably received the government plan, and the government had to 'push it' on

him or that several attempts at setting up an illicit deal had failed and on at least

one occasion he had directly refused to participate." Orisnord, 483 F.3d at 1178.

Second, asking the informant if he really needed the firearm that evening similarly

does not demonstrate that Gjergji resisted participating in the transaction.[2] Lastly,

although the informant had motive to arrange an illicit transaction with Gjergji,

such motive alone is insufficient to constitute inducement. See United States v.

Timberlake, 559 F.2d 1375, 1379 (5th Cir. 1977) (finding that the trial judge erred

in failing to instruct the jury on entrapment where (1) the informant had motive to

arrange an illicit drug deal with the defendant, (2) the government targeted the

defendant specifically, (3) the evidence showed that the first several contacts

between the informant and the defendant failed to result in the sale of narcotics,

---

[2]    Gjergji also argues that statements he made during a conversation with the informant at the restaurant reveal that he initially resisted participating in any firearm transaction. At some point during the conversation, Gjergji stated, "I don't know, man. I mean he told me (inaudible) but I mean I don't want to do anything. I want to find the right person for it. You can do what you want to do and then you can give me a percentage like whatever, like you know. I don't want to be involved. None of that." Gjergji provided no context for these statements, and it appears that they were entirely unrelated to the firearm transaction between Gjergji and the informant, instead resulting from the informant's expressed interest in getting involved with the activities of a third party. These statements therefore also fail to suggest any inducement by the government.

and (4) a witness testified that the defendant directly rejected the informant's attempt to discuss procuring cocaine).

Thus, because Gjergji failed to meet his burden as to government inducement, the government was not required to prove beyond a reasonable doubt that Gjergji was predisposed to commit the crime, and the district court did not err in refusing to instruct the jury on entrapment.[3]

## II.

Gjergji also argues that there was insufficient evidence for the jury to find that he knew or had reasonable cause to believe that the informant to whom he sold the gun was a convicted felon. We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict. United States v. Jiminez, 564 F.3d 1280, 1284 (11th Cir. 2009). We "affirm the conviction if a reasonable trier of fact could conclude that the evidence establishes guilt beyond a reasonable doubt." United States v. Jayyousi, 657 F.3d 1085, 1104 (11th Cir. 2011).

---

[3] We also note that defense counsel argued entrapment to the jury despite the lack of an instruction on the defense. At trial, Gjergji essentially argued that he would not have sold the firearm to the informant if the informant had explicitly said that he was a convicted felon and that the aggregate effect of other factors—the informant's motive in approaching Gjergji and his choice of words in discussing his time in prison, as well as Gjergji's relative youth and any language barrier—amounted to coercion. Gjergji presented this argument to the jury through his opening statement, cross-examination of the informant, and closing argument. Thus, even if Gjergji had presented sufficient evidence of inducement and even if the government had failed to show Gjergji's predisposition to commit the offense, the lack of a jury instruction on entrapment nevertheless did not seriously impair Gjergji's ability to conduct his defense.

18 U.S.C. § 922(d)(1) states in relevant part: "It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." To convict a defendant under this section, the government must establish beyond a reasonable doubt that (1) the defendant sold a firearm, (2) the purchaser was a convicted felon, and (3) the defendant knew or had reasonable cause to believe that the purchaser had a prior felony conviction. United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005). "[T]o have 'reasonable cause to believe' that someone is a convicted felon means to have knowledge of facts which, although not amounting to direct knowledge, would cause a reasonable person, knowing the same things, reasonably to conclude that the other person was a convicted felon." Id. at 1269.

There was sufficient evidence here from which a jury could conclude that Gjergji knew or had reasonable cause to believe that the informant to whom he sold the firearm had been convicted of "a crime punishable by imprisonment for a term exceeding one year." Although Gjergji emphasizes that the informant never explicitly told him that he was a convicted felon, there is ample evidence in the record indicating that the informant made multiple references to his having spent five years in federal prison for selling a large amount of cocaine. Furthermore,

9

Gjergji's suggestion that he may not have heard or understood the informant's references to his stint in prison due to any language barrier or the noisy environment of the restaurant is unconvincing. The jury was able to listen to audio recordings of the conversations during which the informant told Gjergji repeatedly that he had spent five years in federal prison, and there was no evidence that Gjergji did not hear or understand those references. In fact, he was responsive to the informant's statements.

Because the district court did not err in failing to instruct the jury on entrapment, and because there was ample evidence from which a jury could conclude that Gjergji knew or at least had reasonable cause to believe that the informant had been convicted of a crime punishable by more than one year in prison, we affirm Gjergji's conviction under § 922(d)(1).

AFFIRMED.