[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-10476
Non-Argument Calendar

————————————————

D.C. Docket No. 1:13-cr-20218-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VITAL FREDERICK,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(April 15, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Vital Frederick appeals his convictions for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), access device fraud, in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), as well as his total 81-month sentence. Frederick argues that the district court abused its discretion by improperly responding to a jury question, permitting an eleven-member jury to return a verdict, and giving an *Allen*[1] charge to the jury. He also argues that these errors constituted cumulative error that denied him a fair trial. Finally, Frederick argues that the court clearly erred by concluding that he committed perjury. We address each argument in turn.

## I.

We review the district court's answer to a jury question for an abuse of discretion. *United States v. Lopez*, 590 F.3d 1238, 1247 (11th Cir. 2009). We will only find an abuse of discretion when the defendant can show that the district court's answer prejudiced him. *United States v. Pacchioli*, 718 F.3d 1294, 1306 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 804 (2013).

The district court has wide discretion with regard to the extent of supplemental instructions, but it does not have discretion to misstate the law or confuse the jury. *Lopez*, 590 F.3d at 1247-48. We have concluded that a district court does not abuse its discretion by instructing the jury to rely on its collective

---

[1] *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154 (1896).

memory when the court attempts to reconcile the conflicting interests of several parties when answering a question. *See United States v. Delgado*, 56 F.3d 1357, 1370 (11th Cir. 1995).

The district court did not abuse its discretion by telling the jury to rely on the evidence presented to it. Its answer did not misstate the law. *See Lopez*, 590 F.3d at 1247-48. Moreover, the court answered the question after giving proper consideration to the proposed answers from Frederick and the Government. *See Delgado*, 56 F.3d at 1370. Because Frederick has not shown how the answer prejudiced him, the district court's answer did not constitute an abuse of discretion. *See Pacchioli*, 718 F.3d at 1306.

## II.

We review the district court's decision to continue deliberations with an eleven-member jury for an abuse of discretion. *United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996).

If a juror is dismissed after the jury has begun deliberations, the district court may permit an eleven-member jury to continue deliberations. Fed. R. Crim. P. 23(b)(3). The court may also retain an alternate juror after deliberations begin and replace an excused juror with the alternate. Fed. R. Crim. P. 24(c)(3).

The district court did not abuse its discretion by permitting an eleven-member jury to continue deliberations and deliver a verdict. The Federal Rules of

3

Criminal Procedure permit a judge to replace an excused juror with an alternate during deliberations, but they do not require a court to do so. *See* Fed. R. Crim. P. 24(c)(3). Accordingly, the district court did not abuse its discretion by declining to replace an excused juror.

III.

We review an *Allen* charge for an abuse of discretion. *United States v. Woodard*, 531 F.3d 1352, 1364 (11th Cir. 2008). A district court only abuses its discretion if it gives an inherently coercive *Allen* charge. *Id.*

When assessing an *Allen* charge, we review the language of the charge, whether the jury was polled prior to the charge, and the amount of time between the delivery of the charge and the verdict. *Id.* We have approved the use of the pattern *Allen* charge. *Id.* Moreover, we have concluded that an *Allen* charge was not coercive when it was given after four hours of deliberation and the jury stated that it was "at a stalemate." *See United States v. Bush*, 727 F.3d 1308, 1320-21 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 967 (2014).

The *Allen* charge issued in this case was not inherently coercive. Its language mirrored that of the pattern charge. *See Woodard*, 531 F.3d at 1364. The jury was not polled before the charge was issued. *See id.* The jury sent three notes indicating that it was at a stalemate and could not reach a unanimous decision. *See Bush*, 727 F.3d at 1321. After the charge was given, the jury deliberated for nearly

4

two hours before reaching a verdict. *See Woodard*, 531 F.3d at 1364. Because no facts indicate that the *Allen* charge was inherently coercive, the district court did not abuse its discretion by issuing it.

IV.

Although we review the district court's individual rulings under a more deferential standard, we review the cumulative impact of multiple errors *de novo*. *United States v. Dohan*, 508 F.3d 989, 993 (11th Cir. 2007).

The aggregation of several non-reversible errors may deny the defendant his constitutional right to a fair trial. *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005). When reviewing a case for cumulative error, we examine the nature and number of errors, any interrelationship between the errors, how the district court handled the errors, the strength of the Government's case, and the length of the trial. *Id.* However, cumulative error cannot exist when no individual errors have been committed by the district court. *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004).

As discussed, the district court did not err in responding to the jury's question, permitting the eleven-member jury to return a verdict, or giving an *Allen* charge to the jury. Accordingly, Frederick has not shown that cumulative error deprived him of a fair trial. *See id.* at 1110.

V.

5

We review the district court's factual findings supporting an obstruction of justice enhancement for clear error, and we grant due deference to the court's application of the Sentencing Guidelines to the facts. *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002). We will not find clear error unless we have a definite and firm conviction that a mistake was made after reviewing the entire record. *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003). We review the district court's credibility determinations with great deference. *Singh*, 291 F.3d at 763.

The district court must make independent factual findings supporting its Guidelines calculation. *United States v. Hamaker*, 455 F.3d 1316, 1338 (11th Cir. 2006). Those findings may be based on evidence heard during trial, undisputed statements in the PSI, or evidence presented at the sentencing hearing. *Id.*

The Guidelines mandate a two-level enhancement when the defendant willfully obstructs or impedes the administration of justice. U.S.S.G. § 3C1.1. A defendant may obstruct justice by committing perjury during his trial. *Singh*, 291 F.3d at 763. Perjury is defined as "false testimony concerning a material matter" that is made "with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Id.* Testimony concerns a material matter if it would tend to influence the jury's consideration of the matters at hand if it were believed. *Id.* This materiality requirement is a low one. *United*

6

*States v. Dedeker*, 961 F.2d 164, 167 (11th Cir. 1992). The district court may conclude that a defendant's testimony is false when it is irreconcilable with the record. *United States v. Williams*, 627 F.3d 839, 845 (11th Cir. 2010).

The affirmative defense of entrapment negates criminal liability when the Government induces a defendant to commit a crime and the defendant lacked a predisposition to commit the crime. *United States v. Sistrunk*, 622 F.3d 1328, 1333 (11th Cir. 2010).

The district court did not clearly err by concluding that Frederick committed perjury. If believed, his testimony indicated that witnesses cooperating with the Government coerced him into committing the crimes by threatening to reveal his sexual orientation. It also indicated that he was not involved in other criminal activity. This testimony could have influenced the jury to agree with Frederick's entrapment defense. *See Sistrunk*, 622 F.3d at 1333; *Singh*, 291 F.3d at 763. Further, the court did not clearly err by concluding that Frederick's testimony was false because it was irreconcilable with the Government's evidence of his prior statements. *See Williams*, 627 F.3d at 845. Therefore, the court did not err by concluding that Frederick committed perjury, and it did not err by assigning Frederick a two-level enhancement for obstruction of justice based on his perjury.

Accordingly, we affirm Frederick's convictions and sentence.

**AFFIRMED.**

7