[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13021
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00002-JDW-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON ALAN HARGROVE,

Defendant-Appellant.

_____

Appeal from the United States district court
for the Middle District of Florida

_____

(May 4, 2015)

Before MARTIN, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Alan Hargrove appeals his conviction for one count of attempting to entice a minor to engage in a sexual act. See 18 U.S.C. § 2422(b). On appeal, he argues that the district court erred by disallowing an entrapment defense at his jury trial. We affirm.

The proper standard of review for an appeal from a district court's disallowance of an entrapment defense is not clear in this Circuit. Some panels of this Court have reviewed the issue de novo, while others have reviewed for an abuse of discretion. See United States v. Sistrunk, 622 F.3d 1328, 1332–33 (11th Cir. 2010) (collecting cases). But we need not "resolve th[is] muddled issue" today, because Hargrove's arguments fail under either standard of review. See id. at 1333 (following the same path).

Entrapment is an affirmative defense with two elements: "(1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant." Id. (quotation omitted). But "before an entrapment defense may be presented to the jury," a defendant must lay "an evidentiary foundation for [the] defense." Id. (quotation omitted). To lay a foundation, a defendant must "produce any evidence sufficient to raise a jury issue that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." Id. (quotation omitted). "This burden is light," but "evidence of the government's . . . initiation of contact is not enough." Id. (quotation

2

omitted).  Instead, "inducement requires an element of persuasion or mild coercion," which "may be shown by evidence that the defendant had not favorably received the government plan, and the government had to push it on him, or that several attempts at setting up an illicit deal had failed and on at least one occasion [the defendant] directly refused to participate."  Id. (quotation omitted).  If a defendant meets his burden, "the question of entrapment becomes a factual one for the jury to decide."  Id. (quotation omitted).  When considering the entrapment defense, we view the evidence in the light most favorable to the defendant.  United States v. Ryan, 289 F.3d 1339, 1344 (11th Cir. 2002) (per curiam).

Hargrove did not produce sufficient evidence of government inducement to lay a foundation for an entrapment defense.  True, the government made the initial contact with Hargrove.  But that is not enough.  Hargrove, not the government, brought up sex and proposed meeting.  There was no evidence that the government persuaded or coerced Hargrove, or that he ever refused to participate.

**AFFIRMED.**

3