[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15577
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00215-EAK-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERASMO AGUINAGA,

Defendant-Appellant.


_____

No. 14-15579
Non-Argument Calendar
_____

D.C. Docket No.  8:05-cr-00498-EAK-AEP-8


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERASMO AGUINAGA,
a.k.a. E-Rock,
a.k.a. Gordo,
a.k.a. Eddie,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(February 17, 2016)

Before WILLIAM PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Erasmo Aguinaga appeals his conviction and 180-month sentence for attempt to entice a minor to engage in a sexual act in violation of 18 U.S.C. § 2422(b). He also appeals his 24-month sentence imposed under 18 U.S.C. § 3583(e)(3) for violating the conditions of his supervised release.

Aguinaga makes five arguments on appeal. He first argues that the district court abused its discretion by granting the government's motion in limine to preclude him from presenting an entrapment defense at trial. He next argues that the district court abused its discretion by allowing the government to introduce into evidence highly prejudicial and irrelevant phone calls between Aguinaga and his

2

girlfriend made while Aguinaga was in prison.  Third, Aguinaga argues that the district court erred in denying his motion for judgment of acquittal because the government did not present sufficient evidence that he intended to entice a person he believed to be a minor to engage in unlawful sexual activity.  Aguinaga further argues that the district court erred under Federal Rule of Criminal Procedure 32(i)(3) because it failed to delete a disputed factual statement contained in his presentence investigation report ("PSI").  Finally, Aguinaga argues that his 180-month sentence for enticement of a minor and his 24-month concurrent sentence for violating conditions of his supervised release were substantively unreasonable.

## I.

Aguinaga first argues that the district court abused its discretion by granting the government's motion in limine to prevent him from presenting an entrapment defense at trial.  We review a district court's grant of a motion in limine for abuse of discretion.  United States v. Thompson, 25 F.3d 1558, 1563 (11th Cir. 1994). "An abuse of discretion occurs where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."  United States v. Jayyousi, 657 F.3d 1085, 1113 (11th Cir. 2011) (quotation omitted).  Generally, courts should not prohibit a defendant from presenting a defense theory to the jury, but there must be a factual basis for the defense.  Thompson, 25 F.3d at 1564.

To establish the affirmative defense of entrapment, a defendant must show that (1) the government induced the crime and (2) the defendant was not predisposed to commit the crime. United States v. Sistrunk, 622 F.3d 1328, 1333 (11th Cir. 2010). A defendant bears the burden of producing sufficient evidence to show that the government's actions created a substantial risk that the offense would be committed by someone not previously ready to commit it. Id. This burden is light, but the defendant must show that the government persuaded or coerced him—the government's mere suggestion of a crime or initiation of contact is not enough. Id.

The district court did not abuse its discretion in granting the government's motion in limine to preclude Aguinaga from raising an entrapment defense because Aguinaga failed to produce sufficient evidence of government inducement. The government provided Aguinaga with an opportunity to commit the crime by posting the personal ad to which Aguinaga responded and using an agent to pose as a 14-year-old female. However, those facts alone are insufficient to show that the government induced Aguinaga to commit the offense.

There is no evidence that the government persuaded Aguinaga to engage in a sexual conversation with a person who Aguinaga thought was a minor. Aguinaga initiated the discussion of sexual topics after being told that he was speaking to a 14-year-old female. There is also no evidence that the government coerced

4

Aguinaga to meet that person: Aguinaga repeatedly asked for her address, and arrived at the specified location seven minutes after receiving the address.

## II.

Aguinaga next argues that the district court abused its discretion by admitting into evidence two "irrelevant" and "highly prejudicial" recorded phone calls between Aguinaga and his girlfriend that were made while Aguinaga was in prison. We review a district court's evidentiary rulings for abuse of discretion. United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007). Where the district court admitted evidence over a Federal Rule of Evidence 403 challenge, we will find any abuse of discretion only if that decision "is unsupportable when the evidence is viewed in the light most supportive of the decision." United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003). We will not reverse an erroneous evidentiary ruling if the resulting error was harmless. United States v. Langford, 647 F.3d 1309, 1323 (11th Cir. 2011).

Under Rule 403, the court may exclude evidence that is otherwise relevant "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Rule 403 is an extraordinary remedy that courts use only sparingly because it allows the exclusion of otherwise relevant evidence. United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006). Rule 403 does not mandate the exclusion of evidence simply because other evidence addresses the

5

same issues.  United States v. Eyster, 948 F.2d 1196, 1212 (11th Cir. 1991).

Evidence is considered unfairly prejudicial for Rule 403 purposes if it "lure[s] the

factfinder into declaring guilt on a ground different from proof specific to the

offense charged."  Old Chief v. United States, 519 U.S. 172, 180, 117 S. Ct. 644,

650 (1997).

The district court did not abuse its discretion in admitting the recorded

phone calls because the evidence was relevant.  The evidence tended to show that

Aguinaga drove to a location to meet a person he thought was a 14-year-old girl.  It

also tended to show that Aguinaga used his phone to commit the offense, which

was relevant because a § 2422(b) conviction requires that the defendant

"us[e] . . . any facility or means of interstate or foreign commerce," such as a

phone, to commit the offense.  18 U.S.C. § 2422(b).

Any unfair prejudice from the evidence also did not substantially outweigh

its probative value.  Evidence that Aguinaga was "addicted" to talking to women

on his phone and that he was not faithful to his girlfriend was not unfairly

prejudicial because it did not lure the factfinder into declaring guilt on a ground

other than enticement of a minor.  See Old Chief, 519 U.S. at 180, 117 S. Ct. at

650.  The emotionally charged nature of the phone calls also did not foreclose the

government from introducing them into evidence at trial.  Though the phone calls

may have been duplicative of other evidence presented, this is an insufficient basis

to exclude them.  See Eyster, 948 F.2d at 1212.

### III.

Aguinaga next argues that the district court erred in denying his motion for

judgment of acquittal on his § 2422(b) conviction.  He specifically argues that the

government did not show that Aguinaga knew he was communicating with a

person under age 18, and Aguinaga alleges that believed he was communicating

with "a consenting adult."

We review de novo the district court's denial of a Rule 29 motion for

judgment of acquittal, viewing the evidence in the light most favorable to the

government and drawing all reasonable inferences in favor of upholding the

verdict.  United States v. Hunt, 526 F.3d 739, 744 (11th Cir. 2008).  We can

sustain a conviction if "any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt" because the jury may choose

any reasonable conclusion that can be drawn from the evidence.  Id. at 745

(quotation omitted).  "[A] jury is free to disbelieve a defendant's testimony and

consider it as substantive evidence of [his] guilt."  United States v. Rivera, 780

F.3d 1084, 1098 (11th Cir. 2015).

A person may be found guilty of enticement of a minor if he "knowingly

persuades, induces, entices, or coerces any individual who has not attained the age

of 18 years[] to engage in . . . any sexual activity." 18 U.S.C. § 2422(b). In order to prove an attempt to commit a § 2422(b) offense, the government must prove that the defendant (1) specifically intended to engage in the charged criminal conduct, and (2) took a substantial step toward committing the offense. United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004).

The district court did not err in denying Aguinaga's Rule 29 motion. The evidence was sufficient to permit a reasonable jury to conclude that Aguinaga intended to induce a minor to engage in sexual conduct and took a substantial step toward that offense. Aguinaga acknowledged in his testimony at trial that the person he was speaking to online identified herself as a 14-year-old girl. After learning the person's age, Aguinaga twice asked if she was a police officer. He also asked her a number of times whether she had adult supervision.

A reasonable jury could also conclude based on the trial evidence that Aguinaga took a substantial step toward committing a § 2422(b) offense. Aguinaga made sexually explicit statements to the purported minor and asked for her address. He also drove to the location he was told was her home. Though Aguinaga testified that he believed the person with whom he was communicating was actually 22 years old and not a minor, the jury was free to disbelieve this testimony and use it as substantive evidence of his guilt.

8

IV.

Aguinaga also argues that the district court erred under Federal Rule of Criminal Procedure 32(i)(3) by failing to either delete a disputed factual statement in his PSI or make an express determination that no finding was necessary because the information would not be taken into account at sentencing.  We review legal questions regarding the Federal Rules of Criminal Procedure de novo.  United States v. Spears, 443 F.3d 1358, 1361 (11th Cir. 2006) (per curiam).  When a defendant disputes a factual statement contained in his PSI, the sentencing court must either make a finding about the disputed statement or determine that a finding is unnecessary because the disputed statement will not be considered in sentencing.  Fed. R. Crim. P. 32(i)(3)(B).  A written record of that finding must be included with the PSI and provided to the Bureau of Prisons.  Fed. R. Crim. P. 32(i)(3)(C).

The district court did not comply with Rule 32(i)(3) in ruling on Aguinaga's request to remove from his PSI disputed information about his alleged sexual molestation of certain family members.  The court did not fulfill its obligation under Rule 32(i)(3)(B) to either make a factual finding about the accuracy of the disputed statement or expressly determine that a finding was not necessary because the disputed factual information would not be relied upon at sentencing.  The court further failed to attach its determination regarding his objections to the PSI as was required under Rule 32(i)(3)(C).

9

Accordingly, we remand this case to the district court so that it may append to Aguinaga's PSI either a factual finding about the disputed statement or a statement that a finding was unnecessary because the court did not consider the disputed statement in sentencing Aguinaga.  Resentencing will be necessary if the district court determines that the factual information it relied upon at Aguinaga's original sentence proceeding was not accurate.

V.

Finally, Aguinaga argues that his total sentence was substantively unreasonable in light of the factors the district court is obligated to consider under 18 U.S.C. § 3553(a).  We review the substantive reasonableness of a sentence for an abuse of discretion, considering the totality of the facts and circumstances. United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  We ordinarily expect that a sentence falling within the guideline range is reasonable. Hunt, 526 F.3d at 746.

The party challenging the sentence bears the burden of showing the sentence is unreasonable in light of the record and the § 3553(a) sentencing factors.[1]  United

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the offense's seriousness; (3) the need to afford adequate deterrence to the criminal conduct; (4) the need to protect the public from further crimes by the defendant; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guideline range; (8) the pertinent U.S. Sentencing Commission policy statements; (9) the need to avoid unwarranted sentencing disparities among defendants found guilty of similar conduct; and (10) the need to provide victims with restitution.  18 U.S.C. § 3553(a).

10

States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  A district court's sentence must be "sufficient, but not greater than necessary" to provide just punishment for the offense, deter the defendant from future criminal conduct, protect the public, and provide the defendant with necessary rehabilitation.  18 U.S.C. § 3553(a).  We will vacate a sentence only if we are left with a firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences considering the facts of the case.  Irey, 612 F.3d at 1190.

Aguinaga failed to carry his burden of showing that his 180-month sentence for enticement of a minor and concurrent 24-month sentence for violating the conditions of his supervised release were substantively unreasonable in light of the record and the § 3553(a) factors.  After hearing from both parties, the district court said it had considered Aguinaga's PSI, the advisory sentencing guidelines range, and the § 3553(a) factors to determine that a sentence at the higher end of the guideline range was appropriate.  The district court expressly discussed the nature of the offense and the fact that Aguinaga had five children of his own as important factors in setting Aguinaga's sentence.

Upon careful review of the record and the parties' briefs, we affirm in part and remand in part for the district court to comply with proper procedures.

**AFFIRMED IN PART, REMANDED IN PART.**

11