[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13501
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00144-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIUS ANDRE HOLMES,
a.k.a. Arnie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 6, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Darius Holmes appeals his convictions for distribution of heroin, in violation

of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Holmes argues that: (1)

there was insufficient evidence to sustain his convictions; and (2) the district court erred by refusing to give an entrapment-defense jury instruction. After careful review, we affirm.

First, we are unpersuaded by Holmes's claim that the evidence supporting his distribution and firearm convictions was insufficient. We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict. United States v. Martin, 803 F.3d 581, 587 (11th Cir. 2015). It is not enough for a defendant to put forth a reasonable hypothesis of innocence, since the issue is not whether a jury reasonably could have acquitted, but whether it reasonably could have found guilt beyond a reasonable doubt. Id. Credibility determinations are the exclusive province of the jury, and will not be disturbed unless the testimony the jury relied on was incredible as a matter of law. See United States v. Thompson, 422 F.3d 1285, 1291-92 (11th Cir. 2005). In order to be incredible as a matter of law, testimony must be unbelievable on its face -- i.e., testimony as to facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature. Id. at 1291.

To sustain a conviction for distribution of heroin under § 841(a)(1), the government must prove beyond a reasonable doubt the knowing or intentional distribution of heroin. 21 U.S.C. § 841(a)(1). To sustain a conviction for felon in

possession of a firearm under § 922(g)(1), the government must prove beyond a reasonable doubt that the defendant knowingly possessed a firearm and had been previously convicted of a felony. 18 U.S.C. § 922(g); United States v. Gunn, 369 F.3d 1229, 1235 (11th Cir. 2004).

Here, the evidence was more than sufficient to sustain Holmes's convictions for distribution of heroin. As the record shows, the government's confidential informant, Jacob Daughtrey, testified that he met with Holmes twice on August 18, 2012. He said that in the first instance, he obtained $1,500 for the purchase of heroin from Holmes, met with Holmes in his truck, and purchased the heroin. In the second instance, he met with Holmes in order to facilitate an exchange of heroin from Holmes for guns from an undercover officer. Holmes had placed the heroin on the console of Daughtrey's truck. They met with an undercover officer, who provided the guns in a backpack in exchange for the heroin. Thus, based on this testimony, a jury reasonably could have found guilt beyond a reasonable doubt. Martin, 803 F.3d at 587.

Further, any inconsistencies in the witnesses' testimony were not incredible as a matter of law. For starters, none of the witnesses' testimony, independently, was impossible or contrary to the laws of nature. Thompson, 422 F.3d at 1291-92. It is true that there were inconsistencies about whether the heroin was light brown or dark brown, whether the heroin was in rock-form or powdery, and whether 71

3

bills or 86 bills were in the buy money.  But the jury was free to weigh the inconsistencies and choose which testimony to believe.  Id.  Moreover, none of the inconsistencies were relevant to the elements of the offense, and the evidence was sufficient to demonstrate that Holmes distributed heroin twice, regardless of its color, consistency, weight, or the number of bills used to purchase it.  21 U.S.C. § 841(a)(1).

The evidence was also sufficient to sustain Holmes's conviction for being a felon in possession of a firearm.  The government presented evidence that Holmes was previously convicted of possession of cocaine with intent to distribute, a felony.  See O.C.G.A. § 16-13-30(c).  In addition, Daughtrey and a counter-narcotics agent, Brian Krouse, each testified that they saw Holmes in possession of multiple firearms.  On this record, a jury reasonably could have found guilt beyond a reasonable doubt.  Martin, 803 F.3d at 587.  Thus, the district court did not err in denying Holmes's motion for judgment of acquittal.

We also disagree with Holmes's claim that the district court abused its discretion by refusing to give an entrapment-defense jury instruction.  We review a refusal to give a requested jury instruction for abuse of discretion.  United States v. Rutgerson, 822 F.3d 1223, 1236 (11th Cir. 2016).  The district court enjoys broad discretion to formulate jury instructions provided those instructions are correct statements of the law.  Id.  A refusal to incorporate a requested instruction will be

reversed only if (1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense. Id.

There are two elements to an entrapment claim: (1) governmental inducement of the crime and (2) the defendant's lack of predisposition to commit the crime before the inducement. United States v. Orisnord, 483 F.3d 1169, 1178 (11th Cir. 2007). In order to be allowed to present an entrapment defense, a defendant bears the initial burden of production as to the element of governmental inducement. United States v. Sistrunk, 622 F.3d 1328, 1333 (11th Cir. 2010). The sufficiency of the defendant's evidence of governmental inducement is a legal issue to be decided by the trial court. Id. at 1332-33. Once the defendant has met his burden of production as to governmental inducement, the burden then shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. Id.

A defendant can show inducement by the production of evidence sufficient to create a jury issue that the government "created a substantial risk that the offense would be committed by a person other than one ready to commit it." United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995) (quotation omitted). The defendant meets this burden if he produces evidence that the government's

conduct included some form of persuasion or mild coercion. Id. Such persuasion may be shown by evidence that the defendant "had not favorably received the government plan, and the government had to 'push it' on him, or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate." United States v. Ryan, 289 F.3d 1339, 1344-45 (11th Cir. 2002) (quotation omitted). But the government's mere suggestion of a crime or initiation of contact is insufficient to demonstrate inducement. Brown, 43 F.3d at 623.

Here, Holmes has failed to demonstrate that an entrapment instruction was warranted. Importantly, he has failed to show any inducement -- i.e., he does not points to any evidence that he was coerced, that he was not in favor of the government's plan, that he in anyway refused to participate in the crime, or that he directly refused to participate. Ryan, 289 F.3d at 1344-45. He suggests that the government may have raised the idea, but the government's mere suggestion or initiation of contact is insufficient. Brown, 43 F.3d at 623. Holmes also notes that the government offered to buy him a clip for the firearms, but at that point, Holmes had already obtained heroin to trade for the guns and traveled to the location with the heroin. Further, Daughtrey brought up purchasing the extra clip for Holmes in response to Holmes's noticing that one of the weapons lacked one. Daughtrey testified that he offered to buy the clip for Holmes, not because he was afraid that

Holmes would back out of the transaction, but instead to make both sides happy with the transaction as a middle-man.  In addition, because Holmes was allowed to argue entrapment to the jury, the court's failure to give the instruction did not substantially impair his ability to present the defense.  Rutgerson, 822 F.3d at 1236.

**AFFIRMED**.