[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14852
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00022-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELMA GODDARD,
a.k.a., Shug
a.k.a., Big Hxmie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 3, 2020)

Before MARTIN, ROSENBAUM, and ED CARNES, Circuit Judges.

PER CURIAM:

After a four-day trial, a jury found Delma Goddard guilty of 23 crimes that he committed during a string of drug and gun sales to a confidential informant. He appeals his conviction and sentence, raising three issues. First, he contends that his trial counsel provided ineffective assistance. Second, he contends that the district court erred in not instructing the jury on the defense of entrapment. Finally, he contends that the district court clearly erred at sentencing when it found that he had been involved in a drug sale described in the presentence investigation report but not charged in the indictment.

## I.

In 2017 Goddard was charged in a 16-defendant, 51-count indictment with various drug and gun charges and related conspiracies. Goddard was named in 37 of those counts. The government later filed a 4-defendant, 27-count second superseding indictment, and Goddard was named in 26 of those counts. He was charged with: 1 count of conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), (B), and (C); 13 counts of distributing or possessing with the intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), (B), or (C); 6 counts of possession of a firearm as a convicted felon, in violation of

2

18 U.S.C. § 922(g); and 6 counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Goddard decided to go to trial, and the jury found him guilty of 23 counts.[1]

Goddard's presentence investigation report calculated an advisory guidelines range of 360 months to life imprisonment.  It also determined that Goddard was subject to five separate and consecutive mandatory minimum sentences for his § 924(c) convictions, totaling 105 years.  The parties agreed at sentencing that this was the correct guidelines range and mandatory minimum sentence.

Goddard objected to only a single paragraph of the PSR: a paragraph describing a controlled drug buy that had not been charged in the second superseding indictment.  That paragraph said that two confidential informants went to buy crack cocaine from a third party, Goddard showed up and gave the third party the drugs, and then the informants bought those drugs.  Goddard argued that, even though one of the confidential informants had testified at trial about that drug sale, the allegation was unsubstantiated.  The district court overruled the objection and adopted the PSR.  It considered the 18 U.S.C. § 3553(a) factors and sentenced Goddard to a total of 145 years imprisonment.

---

[1] During trial, the government voluntarily dismissed three of the 26 counts, one each of the charges for drug distribution, possession of a firearm as a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime.

## II.

Goddard first contends that his trial counsel was ineffective in two ways: (1) for failing to move to suppress a pre-arrest statement he made to law enforcement agents, and (2) for failing to provide notice of intent to examine a government witness about a prior conviction, which prevented his counsel from impeaching the witness on the basis of that conviction. See Fed. R. Evid. 609.

"Generally, we do not address ineffective assistance claims on direct appeal, except in the rare instance when the record is sufficiently developed for us to do so." United States v. Greer, 440 F.3d 1267, 1272 (11th Cir. 2006). This is not one of those rare instances.

Goddard did not raise an ineffective assistance of counsel claim before the district court on either of the grounds he now asserts. And because the record is not developed enough for us to review the merits of his arguments, we will not consider them in this direct appeal. See United States v. Perez-Tosta, 36 F.3d 1552, 1563 (11th Cir. 1994) (stating that "a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim").

4

III.

Goddard next contends that the district court erred by refusing to instruct the jury on the defense of entrapment.  He argues that there was enough evidence to support an entrapment instruction because all of his sales of drugs and guns to the confidential informant started with the informant asking for those illegal goods.

We review de novo a district court's refusal to give an entrapment instruction.  United States v. Dixon, 901 F.3d 1322, 1346–47 (11th Cir. 2018) (recognizing that even if some of our decisions have "purported to review the question for an abuse of discretion," it is clear that "[t]he correct standard of review is de novo") (quotation marks omitted).  A defendant who asserts the affirmative defense of entrapment is entitled to an instruction on it "whenever there is sufficient evidence from which a reasonable jury could find entrapment."  Mathews v. United States, 485 U.S. 58, 62, 108 S. Ct. 883 (1988).

To prove entrapment, the defendant must establish two elements: (1) the government induced the crime, and (2) the defendant was not predisposed to commit it.  Dixon, 901 F.3d at 1346.  When seeking a jury instruction on entrapment, the "defendant bears the initial burden of production as to government inducement."  United States v. Sistrunk, 622 F.3d 1328, 1333 (11th Cir. 2010) (quoting United States v. Ryan, 289 F.3d 1339, 1344 (11th Cir. 2002)).  He can meet that burden by "produc[ing] any evidence sufficient to raise a jury issue that

5

the [g]overnment's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." Dixon, 901 F.3d at 1346.

Though "this burden is light," it is not weightless. Sistrunk, 622 F.3d at 1333 (quoting United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995)). For example, it is not enough for the defendant to show that the government merely initiated contact with the defendant, or that the government suggested a crime, solicited it, or provided the opportunity for committing it. Id. Instead, proving government inducement requires showing that the government engaged in some sort of "persuasion or mild coercion," such as both providing the opportunity and exerting excessive pressure or manipulating the defendant's non-criminal motive. Id. Persuasion or mild coercion can be shown by evidence that the defendant reacted unfavorably to the government's attempted inducement, or "that several attempts at setting up an illicit deal had failed and on at least one occasion [the defendant] had directly refused to participate." Id. (quoting Ryan, 289 F.3d at 1344).

Goddard cannot show government inducement. He points to no evidence that the government manipulated him, no evidence that it placed excessive pressure on him, and no evidence that he refused to participate in any of the controlled buys. Nor could he; Goddard accepted every one of the confidential informant's offers to

6

buy illegal goods, from the first to the last.  Goddard's only argument that he was induced is that the government, through its confidential informant, initiated contact in each of the controlled buys.  That is not enough.  See Brown, 43 F.3d at 627 ("[I]t is not entrapment for a Government agent to . . . offer, either directly or through an informer or other decoy, to engage in an unlawful transaction with a defendant.") (quoting jury instruction).  Goddard was not entitled to a jury instruction on the defense of entrapment.

## IV.

Goddard contends that the district court clearly erred by accepting the PSR's description of a drug sale that was not charged in the indictment.  He argues that the record and testimony do not support the PSR's description of his involvement in the sale of those drugs.

We review the district court's factual findings about relevant conduct for sentencing only for clear error.  United States v. Maddox, 803 F.3d 1215, 1220 (11th Cir. 2015).  It is well established that a district court in sentencing may consider uncharged conduct, and even conduct for which a defendant was acquitted, if it finds the government proved the conduct by a preponderance of the evidence.  See United States v. Culver, 598 F.3d 740, 752 (11th Cir. 2010); United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006).  And when the defendant challenges the factual basis of part of the PSR, the government bears the burden of

proving the disputed facts by a preponderance of the evidence.  See United States v. White, 663 F.3d 1207, 1216 (11th Cir. 2011).  The district court may base its factfinding at sentencing on evidence presented at trial, undisputed statements in the PSR, and evidence presented at the sentence hearing.  Id.

Here, the evidence presented at trial was more than sufficient for the district court to find by a preponderance of the evidence that Goddard participated in the disputed drug sale.  The government's confidential informant was the buyer in that sale, and he testified in detail about Goddard's role in it.  He testified that he was present when Goddard showed up to deliver drugs to a third party — drugs the informant then bought from the third party.  The PSR relied on that testimony for its description of the sale, and although Goddard disputed it, he offered no evidence, either at trial or at sentencing, to contradict it.  The district court did not clearly err in finding that Goddard took part in that drug sale.

**AFFIRMED.**